PERKINS VS. THE CITY OF FOND DU LAC.

NEGLIGENCE: MUNICIPAL CORPORATION. *Defective sidewalk — Snow and ice — Contributory negligence — Evidence.*

1. In an action for an injury to plaintiff's person, alleged to have been caused by the defective condition of a public walk in the defendant city, it appeared that plaintiff, on his way to a railroad depot, passed westward along the *south* side of a certain street until he reached a bridge connecting the east and west portions of said street; that after crossing the bridge, he *passed over to the north side* of said street, and, in descending from the bridge to the sidewalk, along a plank walk which descended about two and a half feet in twenty, he fell and was injured; that it was a bright starlight evening in winter, with snow upon the ground; that plaintiff had in one hand a satchel and in the other books; that there were strips nailed across said descending walk, but these were entirely covered with packed snow and ice, and the whole surface of the walk was smooth and slippery. It also appeared that plaintiff had been on the walk frequently, and knew that it was an inclined plane at this point; but there was no evidence that he knew of its peculiarly slippery and dangerous condition at that time. It was one of the principal walks of the city, over which hundreds of persons were daily passing. There was a less descent from the bridge to the sidewalk on the *south* side of the street; and the middle of the street was planked. *Held*, that upon these facts the court did not err in *refusing to instruct* the jury, as a proposition of law, that plaintiff was *guilty of negligence* in descending upon this walk to the north side of the street; but that question was properly *left to the jury.*

2. The *mere slippery condition* of a sidewalk, arising from the ordinary action of the elements (as snow and ice), is not a defect which renders the town or city liable under the statute (*Cook v. Milwaukee*, 24 Wis., 270, and 27 id., 191); but if the walk is in other respects unskilfully or improperly built, so as unnecessarily to increase the danger

436     SUPREME COURT OF WISCONSIN,

Perkins vs. The City of Fond du Lac.

of persons walking thereon while it is covered with snow and ice, this will render it defective or insufficient within the meaning of the statute.

3. *Evidence for the defendant* city, "that there were a great number of bridges in the city that were built higher than the street, and that nearly all the approaches to these bridges were raised," was properly rejected as *irrelevant to the issue.*

APPEAL from the Circuit Court for *Fond du Lac* County.

Action for injuries to plaintiff's person alleged to have been caused by the defective condition of a sidewalk in the defendant city. After plaintiff's evidence was in, the court refused a nonsuit asked by defendant. The plaintiff had a verdict and judgment; and the defendant appealed.

The essential facts upon which the questions determined by this court arose, are stated in the opinion.

*J. W. Bass*, for appellant:

The motion for a nonsuit should have been granted and the complaint dismissed, on the ground that the plaintiff's own evidence showed that he was guilty of negligence which contributed directly to the injury. *Hassa v. Junger*, 15 Wis., 598; *Nicks v. The Town of Marshall*, 24 id., 139; *Achtenhagen v. The City of Watertown*, 18 id., 331; *Wheeler v. The Town of Westport*, 30 id., 392; *Wilson v. Charlestown*, 8 Allen, 137; *Gilman v. Deerfield*, 15 Gray, 577; *Raymond v. Lowell*, 6 Cush., 524; *Fallon v. Boston*, 3 Allen, 38; *Gahagan v. B. & L. R. R. Co.*, 1 Allen, 187; *Forsyth v. B. & A. R. R. Co.*, 103 Mass., 510; *Richards v. Sperry*, 2 Wis., 216; *Dressler v. Davis*, 7 id., 527; *M. & C. R. R. Co., v. Hunter*, 11 id., 160; *Galpin v. C. & N. W. R. R. Co.*, 19 id., 604; *Cunningham v. Lyness*, 22 id., 245; *Cuthbert v. Appleton*, 22 id., 642; 20 N. Y., 68; 24 id., 430; 2 Ind., 586; 19 Conn., 511; 29 id., 208. 2. The evidence did not show any such defect in the sidewalk as should render the defendant liable. Mere slipperiness of a sidewalk, arising from the ordinary action of rain, snow and frost, or from such travel as does not alter the form of the surface, is not a defect in the highway. *Stone v. Hubbardston*, 100 Mass., 49; *Stanton v.*

*Springfield*, 12 Allen, 566; *Wilson v. Charlestown*, 8 id., 137; *Hutchins v. Boston*, 12 id., 571; *Johnson v. Lowell*, id., 572; *Nason v. Boston* 14 id., 510; *Luther v. Worcester*, 97 Mass., 270; *Billings v. Worcester*, 102 id., 329; *Cook v. City of Milwaukee*, 24 Wis., 270; *S. C.*, 27 id., 191. 3. The defendant should have been allowed to show that there are a number bridges in the city of Fond du Lac over the river, and that nearly all the approaches to the bridges are raised; and that, on account of ice in the spring, it is necessary to build the approaches on an ascent, more or less, on all the bridges. *Packard v. City of New Bedford*, 9 Allen, 200; *Raymond v. City of Lowell*, 6 Cush., 524.

*Geo. Perkins*, respondent, in person:

The walk was not reasonably safe for the public to pass over, considering the amount of travel, and other circumstances connected therewith. *Wheeler v. Town of Westport*, 30 Wis., 396, and cases cited. The city had sufficient notice of its condition, and of the danger. *Harper v. City of Milwaukee*, 30 Wis., 376; *City of Ripon v. Bittel*, id., 620; *Weisenberg v. City of Appleton*, 26 id., 58–9; *Kavanaugh v. City of Janesville*, 24 id., 618; *McMaugh v. City of Milwaukee*, 32 id., 200. 2. The respondent was not guilty of such contributory negligence as should prevent a recovery. *Wheeler v. Town of Westport*, 30 Wis., 409. It is sufficient if he conducted himself in the ordinary way of prudent people under like surroundings. *Weisenberg v. City of Appleton*, 26 Wis., 59. The presumption is in favor of ordinary care and prudence. Shearm. & Redf. on Neg., secs. 44 & 45. 3. The proposed evidence as to the general system of building bridges in Fond du Lac could not be material for any purpose except that of bringing home to the respondent the knowledge of the general condition of the walks and bridges, and of charging him with the duty of ordinary care. The respondent having admitted his general knowledge of the construction of this particular bridge and walk, this evidence became entirely immaterial.

*E. S. Bragg*, of counsel, for respondent:

The sidewalk where the accident happened was a steep inclined plane, made so, not by the natural formation, but by the artificial construction of the city. The cleats must have been put on because, by reason of its construction, the walk was otherwise unsafe. If they were necessary, it was incumbent on the authorities to keep them in a serviceable condition, and failure to do this was negligence. The fact that after the accident, the city actually reduced the grade, tends to show their knowledge of the defective construction of the walk. *Stone v. Hubbardston*, 100 Mass., 49, 57 ; *Street v. Holyoke*, 105 id., 82. 2. Plaintiff's knowledge of the manner in which the walk was constructed, does not charge him with negligence, as there would have been no accident if the inclined plane had beek kept in a safe condition. Nor was he bound to cross at any particular crossing. *Raymond v. City of Lowell*, 6 Cush., 530. 3. It was no defense to show that other bridges had the same defects as the one in question. *Hubbard v. Concord*, 35 N. H., 55.

COLE, J. It is insisted by the counsel for the city, that the court should have granted the nonsuit and dismissed the complaint, because it appeared from the plaintiff's own testimony that he was guilty of negligence, which directly contributed to produce the injury complained of. The facts upon which negligence on his part is predicated as a question of law, are the following :

The plaintiff testified, in substance, that at the time of the accident he was going to the railroad depot to take the cars to attend the Green Lake circuit on professional business ; that he passed on Main Street to the south side of Division Street; that he went on that side of Division Street until he crossed the bridge over the east branch of Fond du Lac River, when he crossed to the north side of the street, and in going down the descent from the bridge to the sidewalk, he fell and dislocated and broke his arm. It was about half-past six in the evening,

on the 8th of January, when this occurred.  It was a bright
star-light night, with snow on the ground; and the plaintiff
had in his right hand a satchel, and in his left a couple of law
books.  There was no sidewalk across Division Street at the
point where he crossed from the south to the north side, but the
street was planked.  The walk on the north side of the street
from the bridge west was a slope or descent of about two feet and
a half in twenty feet; and was constructed of planks running
with the street, with strips of wood nailed across the planks
about an inch square and a foot apart.  At the time, these
strips were entirely covered with packed snow and ice, and the
whole surface of the walk was very smooth and slippery.  The
plaintiff stated that he had known the place for some time—
had been over the walk a good many times, and was aware
that there was an inclined plane or slope in the walk at this
point.  It is assumed by the counsel for the city, that the
plaintiff, in effect, admitted that he knew that this inclined
plane was covered with snow and ice, and was in a very slip-
pery and dangerous condition that night; and that he was
guilty of carelessness in leaving the walk on the south side,
which was more level than the one to which he crossed, and
that there was no reason for his voluntarily turning out of a
safe way to one more hazardous and dangerous.  But we do
not think the inference warranted, that the plaintiff knew of
the peculiarly slippery and dangerous condition of the walk at
that time, although he doubtless knew the manner in which it
was constructed.  But the walk was one of the principal ones
of the city, over which it appears hundreds of persons were
daily passing.  Now we are asked to say, as a question of law,
and the court below was asked to so rule, because the plaint-
iff had this general knowledge of the manner in which this
walk was constructed, and that there was an inclined plane
there, and crossed the street to this walk when he could have
kept down the side of the street on which he was then going,
that he was guilty of negligence which contributed to the in-

jury.   Upon the facts it seems to us impossible so to hold.
The question whether the plaintiff was negligent under the
circumstances was fairly submitted to the jury.   The jury,
among other things, were instructed that if they found from
the evidence that the plaintiff knew of the unsafe condition of
the walk in question, and by ordinary care and prudence could
have seen and avoided it, he could not recover for the injuries
which he had sustained by reason of its insufficiency.   It seems
to us the court properly referred the question to the jury to
determine, whether, under the circumstances, the plaintiff was
exercising such care and prudence as ordinarily careful persons
would use, in crossing the street and in not passing along the
same sidewalk upon which he had been going.   The street was
planked, and could be conveniently crossed.   There is no rea-
son to suppose the plaintiff knew the inclined plane was in an
unusually slippery and dangerous condition that night.   He
might naturally conclude that he could pass over a walk in
safety where hundreds were constantly passing, and that he
was not exposing himself to any perils by taking the north
sidewalk to the depot.  It seems to us the case is not essentially
different from what it would have been had the plaintiff passed
from Main Street directly on to the walk on the north side of
Division Street, and thus approached the dangerous part of
the walk.   If he would not then have been required, in view
of his general knowledge of the way in which the sidewalk
was constructed at that place, to cross over the street in order
to avoid it, we cannot see how negligence can be predicated
upon the fact that he crossed the street at the west end of the
bridge and came on to the walk in question.   At all events
the inference of negligence and want of proper care on his
part in coming upon the walk as he did, was not sufficiently
clear to warrant the court in withdrawing the question from
the jury.   It does not come within the rule laid down in *Ach-
tenhagen v. The City of Watertown*, 18 Wis., 331, which doubtless
goes as far as any case decided by this court in raising the pre-

sumption of negligence as a question of law. I am certainly not disposed to extend the doctrine of that case, and I therefore think the question, whether the plaintiff was guilty of negligence or want of ordinary care was, under the circumstances, one for the jury to pass upon.

Another important question discussed in the case is, whether the evidence introduced on the trial showed or tended to prove that the sidewalk where the plaintiff was injured was out of repair, or constructed in so defective and improper a manner as to render the city liable on account of its negligence. It is claimed that the facts in relation to the condition of the sidewalk clearly show that it was not defective or unsafe for persons using due care in traveling upon it. We are of the opinion however that there was enough evidence bearing upon the question of defect or insufficiency to carry the case to the jury.

It appears from the testimony that the bridge across Division Street was raised over two feet in the fall of 1870, and that when the bridge was raised this inclined walk on the north side of the street down to the sidewalk was constructed. The witness E. H. Jones testifies that his place of business was on the south side of Division Street, and that he was familiar with the structure of the walk and the approaches to the bridge on the west side of the river. He says that it was a very slippery place there during cold weather, and that in November, 1871, he spoke to the chairman of the ward, asking him if this sloping arrangement or sidewalk could not be done away with, and the walk made nearly level at that point, and told him that unless this were done there would be danger of persons falling in passing over it. The officer promised to have the walk raised before winter set in, but the walk in fact was not changed until the next spring. There were strips nailed across this inclined walk, and a railing put up on the north side to assist persons passing over it; but still it appears that when these strips became covered and packed with snow and ice the place was very slippery, so much so that it was difficult for travelers

to pass up and down it. Now it is said that mere slipperiness of a sidewalk arising from the ordinary action of the elements, as snow and frost, is not a defect in this climate, within the sense of the statute, for which a town or city is liable. This was so decided in *Cook v. The City of Milwaukee*, 24 Wis., 270, and 27 id., 191. But in the case before us, while the slippery condition of the walk doubtless contributed with other causes to produce the injury, yet this was not the defect complained of. It is alleged in the complaint, and the testimony strongly supports the averment, that the walk at this point was constructed in a faulty and unsafe manner. And if it was unskilfully built, so as unnecessarily to increase the danger and peril of persons passing over it while it was covered with snow and ice, this would certainly constitute a defect for which the city would be liable. That it was practicable to construct the walk differently and more on a level with the bridge, so as to avoid the danger of passing up and down the descent, is a fact fairly inferable from the evidence. Indeed, it appears that the walk was subsequently changed and raised up, thus doing away with the inclined plane. From these facts the jury might well have found that the walk was improperly built, and that as a consequence it was not safe and convenient for ordinary travel. If so, it was the fault of the city, and it must respond in damages to one sustaining injury through its negligence. The case is plainly distinguishable from that of *Cook* above cited, as these remarks show. If the chairman of the ward, when his attention was called to the matter, had raised the walk and extended it so as to reduce the grade, the injury would doubtless have been prevented. This shows a breach of duty on the part of the city authorities; at any rate it is enough to raise a fair presumption of negligence on the part of the defendant.

On the trial the defendant offered to show that there were a great number of bridges in the city which were built higher than the street, and that nearly all the approaches to these bridges were raised. The evidence was objected to, and ex-

cluded.   We can not see what tendency the evidence offered would have to prove that the walk in question was constructed in a reasonably safe and proper manner.  The way of constructing one walk might be so controlled by surrounding circumstances as to make it proper, and yet this might be a very unsuitable manner for constructing another.   An uneven or inclined walk might be permissible where there was little travel and where connecting streets rendered it necessary ; while such a walk might be a defect in a thoroughfare where thousands were passing daily, and where it was entirely practicable to construct the walk on a level.   The evidence offered would only raise numberless collateral issues, which would distract the attention of the jury from the real question before them. We therefore think the evidence was properly excluded from the consideration of the jury.  *Timm v. Bear*, 29 Wis., 256 ; and *Hubbard v. Concord*, 35 N. H., 52.

The judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.