ELIZABETH TWOGOOD, Appellant, *against* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondents.

(Decided June 25th, 1883.)

In an action against the city of New York for injuries received to the person of plaintiff from a fall upon ice on a sidewalk of that city, it appeared that plaintiff, when approaching the place, observed that the sidewalk was covered with irregular snow and ice; that all the other sidewalks and crosswalks within view were clear, and plaintiff could have crossed the street and walked on the other side without encountering ice or snow, but she continued on the same side, and slipped and fell on the ice. *Held*, that plaintiff having chosen the unsafe sidewalk, took the risk of making the passage in safety, and was not entitled to recover damages.

APPEAL from a judgment of this court entered upon the verdict of a jury, and from an order denying a motion for a new trial.

The facts are stated in the opinions.

*J. M. Ferguson* and *George C. Lay*, for appellant.—The question of contributory negligence was a question entirely for the jury, and the court will not affirm the judgment on this ground even if in their judgment contributory negligence has been shown (*Todd* v. *Troy*, 61 N. Y. 509; *Dar*-

*ling* v. *Mayor &c. of New York*, 18 Hun 341; *Evans* v. *Utica*, 69 N. Y. 166). In walking along a sidewalk in the city, there is little or no anticipation of danger from slipping or falling (*Gillespie* v. *Newburgh*, 54 N. Y. 471).

*D. J. Dean*, for respondents.—The testimony is abundantly sufficient to sustain the verdict upon the ground that neglect on the part of the plaintiff contributed to cause the injury which she has sustained (2 Dillon Mun. Corp. 3d Ed. p. 1020, § 1006). Under similar circumstances, it has several times been held, as matter of law, that such contributory negligence was shown as would prevent a recovery (*Wilson* v. *Charleston*, 8 Allen [Mass.] 137; *Durkin* v. *Troy*, 61 Barb. 437; *Quincy* v. *Barker*, 81 Ill. 300; 25 Amer. Rep. 278; *Shaefler* v. *Sandusky*, 33 Ohio 346; 31 Amer. Rep. 533). But apart from these decisions the courts have invariably held that, in snow and ice cases like the one at bar, it would be competent for the jury to find the plaintiff guilty of contributory negligence (*Todd* v. *Troy*, 61 N. Y. 506; *Evans* v. *Utica*, 69 N. Y. 166; *Darling* v. *Mayor &c. of New York*, 18 Hun 340; *Dunham* v. *Trustees of Canandaigua*, 13 Week. Dig. 551; *Thomas* v. *Mayor*, 15 Week. Dig. 378). There is no view of the testimony which does not convict the plaintiff of contributory negligence, and the verdict will be sustained on that ground.

The testimony is also abundantly sufficient to sustain the verdict, upon the ground that the defendants had used reasonable diligence in endeavoring to make the walk safe for travelers (*Battersby* v. *Mayor &c. of New York*, 7 Daly 16).

The questions, both in relation to the diligence on the part of plaintiff and reasonable diligence on the part of defendants, were within the province of the jury to decide, and there is no such preponderance of evidence against the conclusion of the jury that the court will interfere with their finding (*Conklin* v. *Thompson*, 29 Barb. 218; *Winchell* v. *Latham*, 6 Cowen 686; *Adsit* v. *Wilson*, 7 How. Pr. 64; *Stoddard* v. *Long Island R. R. Co.*, 5 Sandf. 180; *Dart* v. *Farmers' Bank*, 27 Barb. 337).

J. F. DALY, J.—The questions as to the alleged negligence of the defendant and the alleged contributory negligence of the plaintiff were submitted to the jury and they found for the defendant; but the plaintiff complains of errors in the admission of evidence and in the charge as to the first of those questions, *viz.*, the alleged neglect of duty by defendant, and claims a new trial therefor.

The verdict should not be disturbed, notwithstanding the errors alleged, because the facts of the case did not warrant a recovery, and the court would have been justified in dismissing the complaint for the plain want of evidence that plaintiff, in circumstances that called for care and vigilance, exercised any care whatever, and that the accident which occurred to her was due to her assuming the risk of walking on ice that could be plainly seen and easily avoided (*Durkin* v. *The City of Troy*, 61 Barb. 437).

The facts show that the plaintiff, a lady, walking through Christopher Street, on the south side, on reaching the sidewalk which adjoins the Christopher Street Park and commencing to walk upon it, observed that it was covered with irregular snow and ice; though all the other sidewalks and crossings in her view were clear, and this spot was the only obstructed one she had met with, she walked on at her regular gait until near the centre of the park, when suddenly her foot slipped and she fell and broke her arm; she fell on ice; it was all indented, whether in flakes or large pieces she could not say; she states that when she slipped on the sidewalk there was nothing that presented the appearance of an accumulation of snow and ice; and that when she slipped on the irregular mass of snow and ice which she reached, it did not appear to be dangerous or slippery. The accident occurred on a fine day between twelve and one o'clock on January 20th, 1881; snow had fallen on eight days between December 26th, 1880, and that date, and rain or sleet on three or four days; the last storm was on the 14th. The plaintiff's son described the condition of the sidewalk on the 20th, the day of the accident, and for several days before: there were three feet of passage way,

about three feet wide, covered with ripply ice about three inches thick; it looked as though sleet fell and considerable drifting, and had frozen where a person had put his foot and slush washed up in ripples; that was about three feet next to the railing; the balance of the walk was snow; as it fell there was sleet or rain frozen on the top, making a hard crust; the snow had been trodden down and made very irregular. The policeman on duty observed and reported " snow and ice not removed " from the walk around this park from the 15th to the 20th of January. It thus appeared that this sidewalk was covered with ice and snow, and that the dangerous and slippery condition must have been apparent upon the most casual inspection on a fine day between the hours of twelve and one. It also appeared from the evidence of the plaintiff herself that all the other sidewalks and crosswalks in view were clear; and this spot around the park was the only obstructed spot she met with. It appeared from the testimony of the patrolman that the sidewalk on the opposite side of Christopher Street was clear. The same fact appears in the evidence of plaintiff's son, and his evidence, her own and the patrolman's show that she could have crossed the street and walked on the other side without encountering ice and snow.

The plaintiff, having the choice of a clear sidewalk and one covered with ice, chose to continue her walk upon the latter, after observing its condition when she reached it. She took the risk of making the passage in safety, and, after proceeding about half the distance, slipped and fell. To make the city liable in damages for an accident of this character, which presents no extraordinary feature of city travel in the winter, is to make it an insurer against any of the risks that pedestrians may choose to take. The duty of the city is to use reasonable care in removing obstructions in the streets; but a slippery sidewalk, caused by a fall of snow and its subsequent thawing and freezing, is not in any sense an obstruction. Such a condition of the streets is to be taken into account by pedestrians, and something more must be shown to make the city liable.

Thus, in *Todd* v. *The City of Troy* (61 N. Y. 506), the corporation had maintained a nuisance in the shape of a leader or conductor that led down from a house and discharged rain water from the roof across the sidewalk, where in winter it froze, and this ice, extending across the sidewalk, was concealed at the time of the accident by a light fall of snow. The court said it was a question for the jury whether it was negligence for the city to permit this water to flow upon the sidewalk and form ice, remaining there several days; also, that there was no negligence on the plaintiff's part, as she was not bound to anticipate that there was ice under the snow.

In the case of *Darling* v. *The Mayor &c. of New York* (18 Hun 340), the facts as to a leader or conductor discharging water across the sidewalk, which water froze and was covered at the time of the accident by a light fall of snow, presented the same ground of liability as in *Todd* v. *The City of Troy.*

In the case of *Evans* v. *The City of Utica* (69 N. Y. 166) the night was dark, there were no street lamps lighted, and plaintiff had not noticed and did not discover that there was danger of slipping until he reached the spot where he fell. The court says that the plaintiff was not bound to exercise extraordinary vigilance when there were no manifestations of danger. The charge of the trial judge was approved, who, being requested to charge "that if, previous to the accident, the plaintiff knew that there was ice ahead and took the risk of passing over it safely, he could not recover," qualified the proposition as follows: " he must use that care and caution which a person of ordinary prudence would exercise with a knowledge that there was some ice there, and if he had knowledge that there was any obstruction and interference with the passage so as to render it perilous, dangerous and insecure for a person to pass, he took his chance and would not be entitled to recover."

These authorities are consistent with the rule in *Durkin* v. *The City of Troy* (61 Barb. 437), where it was held that if the ice on which plaintiff fell could be easily seen and

Twogood *v.* Mayor &c. of New York.

readily avoided, but he unnecessarily undertook to walk on it, he could not recover. Such was the case with this plaintiff, who, having her choice of a safe and an unsafe sidewalk, chose to continue on the latter and met with an accident which it was not unreasonable to expect.

The judgment should be affirmed, with costs.

VAN BRUNT, J., concurred.

VAN HOESEN, J.—I have no doubt that the judgment should be affirmed, for there is no evidence that the negligence of the defendants caused the injury. It is plain that at the very time of the accident, the laborers of the defendant were at work removing the ice on which the plaintiff slipped, and that she slipped or tripped over pieces of loose ice that a laborer had just detached from the pavement. There is no evidence that the laborer was doing the work carelessly, or that there was any delay in the removal from the sidewalk of the ice as it was separated from the flag stones. The plaintiff could easily have seen the man at work removing the ice, and must have seen that the ice was broken up into small pieces and was loose. It does not, in my opinion, follow that she was therefore necessarily negligent in attempting to pass along the sidewalk. I do not assent to the proposition that a pedestrian is necessarily guilty of negligence if he attempts to pass over an icy sidewalk whilst on the opposite side of the street the sidewalk is free from ice. I do not believe that it is always the duty of the pedestrian to go to the other side of the street if he sees ice on the pavement in front of him. Whether he should go across the street or not depends upon the answer to this question: Would a man of ordinary prudence venture upon the icy sidewalk and attempt to pass over it? That depends, of course, upon the condition in which the sidewalk appeared to be. If it was obviously dangerous to venture upon it, and the pedestrian nevertheless goes upon it, he takes the chances of injury, and has no right of action if an accident occurs. If, on the other hand, it was icy,

but not in such a condition that men of ordinary prudence would not venture upon it, the pedestrian may attempt to pass over without being at fault. This is, as I understand the law, the doctrine laid down in 105 Mass. 82, 34 Wis. 435, and 69 N. Y. 166.

The most favorable view for the plaintiff is that neither she nor the defendant was negligent. The judgment should be affirmed.

Judgment affirmed, with costs.