Chamberlain vs. The City of Oshkosh.

---

CHAMBERLAIN, Respondent, vs. THE CITY OF OSHKOSH, Appellant.

*January 31 — February 21, 1893.*

*Municipal corporations: Injury from ice on walk: Proximate cause.*

A depression in a crosswalk had been filled with ice through the sole agency of the elements, and plaintiff was injured by falling upon the smooth and level surface. *Held,* that the ice and not the depression was the proximate cause of the injury, and that such condition of the walk did not constitute an actionable defect.

| 84 | 289 |
|----|-----|
| 89 | 132 |
| 84 | 289 |
| 97 | 418 |
| 97 | 473 |
| 84 | 239 |
| 101 | 375 |
| 84 | 289 |
| 107 | 91 |
| 84 | 289 |
| 110 | 625 |

APPEAL from the Circuit Court for *Winnebago* County. The facts are sufficiently stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff.

*H. I. Weed,* for the appellant, argued, among other things, that mere slipperiness of the surface of a walk or highway, by reason of ice or snow accumulating thereon, is not such a defect as to render the city liable, where the ice or snow does not assume such a shape as to be an obstacle to travel. *Cook v. Milwaukee,* 24 Wis. 270, 27 id. 191; *Perkins v. Fond du Lac,* 34 id. 435; *Grossenbach v. Milwaukee,* 65 id. 31; *Stanton v. Springfield,* 12 Allen, 566; *Hutchins v. Boston,* id. 571; *Johnson v. Lowell,* id. 572; *Nason v. Boston,* 14 id. 508; 2 Dillon, Mun. Corp. sec. 1006; Bishop, Non-Cont. Law, sec. 978; *Keith v. Brockton,* 136 Mass. 119; *Broburg v. Des Moines,* 63 Iowa, 523; *Taylor v. Yonkers,* 105 N. Y. 202; *Chase v. Cleveland,* 44 Ohio St. 505; *Kinney v. Troy,* 108 N. Y. 567.

For the respondent there was a brief by *Finch & Barber,* and oral argument by *Henry Barber.* They contended, *inter alia,* that for a local, unusual, and permanent slipperiness caused by a defect in the street and which the ordinary action of the elements would not remove, the city is liable. *Cook v. Milwaukee,* 24 Wis. 270, 27 id. 191; *Perkins v. Fond du Lac,* 34 id. 435; *Hill v. Fond du Lac,* 56 id. 242;

*Stilling v. Thorp,* 54 id. 528; *Grossenbach v. Milwaukee,* 65 id. 31; *Paulson v. Pelican,* 79 id. 445; *McDonald v. Ashland,* 78 id. 251; *Cromarty v. Boston,* 127 Mass. 329; *Taylor v. Yonkers,* 105 N. Y. 202; *Todd v. Troy,* 61 id. 506; *Pomfrey v. Saratoga Springs,* 104 id. 459; *Kinney v. Troy,* 108 id. 567; *Kenney v. Cohoes,* 100 id. 623; *Spellman v. Chicopee,* 131 Mass. 443; *Keith v. Brockton,* 136 id. 119; *Cloughessey v. Waterbury,* 51 Conn. 405; *Congdon v. Norwich,* 37 id. 414; *Burr v. Plymouth,* 48 id. 460; *Landolt v. Norwich,* 37 id. 615; *Dooley v. Meriden,* 44 id. 117; *Hubbard v. Concord,* 35 N. H. 52; *Darling v. Westmoreland,* 52 id. 401; *Clark v. Chicago,* 4 Biss. 486; *Mosey v. Troy,* 61 Barb. 580; *Mayor v. Marriott,* 9 Md. 160; *Providence v. Clapp,* 17 How. 161; *Evans v. Utica,* 69 N. Y. 166; *Darling v. Mayor,* 18 Hun, 340; *Evers v. Hudson R. B. Co.* id. 144; *Blakeley v. Troy,* id. 167; *Thomas v. Mayor,* 28 Hun, 110. Smooth and level ice may be dangerous as well as rough ice, and the question simply is, Was any negligence of the city the cause of its formation or retention?

ORTON, J.  This action is to recover damages for a personal injury to the plaintiff, occasioned by the want of repair and defective condition of a walk in Merritt street, in the city of *Oshkosh.*  The defect is thus described in the complaint: " The said street, known as Merritt street, at a certain place in said street, to wit, on the south side of said Merritt street, on the southeast corner thereof where said Merritt street intersects with Ford street of said city, was [on the 21st day of February, 1889] and for a period of four weeks or more had been, unsafe, insufficient, defective, and badly out of repair, in this, to wit, that at the point of junction between the stone crossing on the south side of said Merritt street, where said Merritt street intersects with Ford street, and the sidewalk on the south side of said Merritt street, where said stone crossing ends, the au-

thorities of the city of *Oshkosh*, to wit, this defendant, negligently permitted a large hole to exist within the usual line and course of travel over said stone crossing and sidewalk, and negligently permitted and allowed said hole to exist and remain without placing any guard over or around the same, and negligently allowed said hole to become filled with water, and to become frozen over with a large surface of smooth ice, and negligently failed to place any protection, guard, or cover over or around said surface of ice, and failed to take any precaution to prevent or warn travelers over said crossing or sidewalk from walking upon and over said surface of ice. That persons traveling over and upon said crossing and sidewalk were compelled to walk upon and over said surface of ice, and that the aforesaid city authorities, to wit, the defendant, negligently failed to provide a safe and sufficient crossing or passage over or around said large surface of smooth ice."

The plaintiff's injury, and the manner of it, are substantially described as follows: The plaintiff, while traveling upon said Merritt street and over the said stone crossing, "did by necessity and in the ordinary course of travel walk upon and over said *large surface of ice*, and without any fault on her part she fell upon *said surface of ice* with great force," and received great bodily injuries therefrom.

After the plaintiff was sworn as a witness in her own behalf, the defendant city interposed a demurrer *ore tenus*, on the ground that the complaint did not state a cause of action, and the objection to any evidence under it was overruled, and exception taken. The plaintiff testified that when she came to that point " her feet came from under her, and she came down on her back." " She did not notice any barriers or guards around this place, or any ashes upon the sidewalk *where she slipped*." According to the evidence, the depression in the street, where the water had accumulated which made the ice on which the plaintiff

slipped down and was injured, was made by the junction of a sidewalk coming down Ford street with the stone cross-walk over Merritt street. It would seem that the slight difference of the grade of the two streets made the depression. The slope of the plank sidewalk down to its junction with the stone cross-walk was only four inches, and the depression in the stone cross-walk where the ice accumulated was from an inch to an inch and a half. The plank walk was over the gutter on Merritt street. This defect, if any, appears to have been in the *plan* of the work and its construction.

At the conclusion of the testimony the defendant's motion for a nonsuit was overruled. The jury found a special verdict "that the cross-walk was in a defective and dangerous condition," and ".that such condition caused the plaintiff's injury," and assessed her damages at $1,100.

It will be observed that the complaint does not charge that the plaintiff's injury was caused by a hole or depression in the cross-walk, but that it was caused wholly by the *smooth surface of the ice* at that place, and such was the evidence. The plaintiff slipped and fell on the smooth surface of the ice. The *ice* was the proximate cause of the injury. The depression in the walk where the ice formed, if a defect and a cause of the injury in any sense, was a remote, and not the proximate, cause of the injury. But at this time there was no hole or even depression at that place. It was filled up by the ice. It is too plain for argument that the cause of the plaintiff's injury, both by the complaint and testimony, was the smooth surface of the ice on the cross-walk. The special verdict is careful not to state the defect or dangerous condition. It will be observed, also, that the negligence of the city consists " in failing to provide a safe crossing or passage ,over and around said *large surface of smooth ice*," and that it " allowed and permitted said crossing to remain in such insuffi-

cient, unsafe, and defective condition for a period of four weeks, and failed to take any precaution to prevent or warn travelers over said crossing or sidewalk from walking upon and over said surface of ice." The existence and continuance of said ice for four weeks was the presumptive notice to the city of the defect complained of. The plaintiff does not complain of being injured by the hole or depression, but by the "large surface of smooth ice." The depression was the cause of the water accumulating there, and the water, combined with a low temperature, caused the ice to form which injured the plaintiff. The depression was a remote cause or cause of causes. The proximate or direct cause was the ice, and this must be the cause of action. *Causa proxima non remota spectatur.* The proximate, and not the remote, cause, must be considered. The cause nearest in order of causation, which is adequate to produce the result, is the direct cause. In law, only the *direct* cause is considered. These are familiar maxims. "The proximate cause is the cause which leads to, and is instrumental in producing, the result." 3 Am. & Eng. Ency. of Law, 45; *State v. M. & L. R. Co.* 52 N. H. 528. In this case the hole or depression is not the cause of the injury for which an action may be brought. It is too remote. There is a direct cause of the injury, and that is the ice on which she slipped down, and that is the only one which can be considered. The defect in the street or walk is the ice, and the negligence of the city consists in allowing it to remain. This was dangerous to the traveling public, and the cause of the plaintiff's injury in the law and by the complaint and testimony. This ice was smooth and level, and accumulated through the sole agency of the elements and in the order of nature. No argument, speculation, or casuistry can make this case any different from this.

The main and important question which first presents itself on the demurrer to the complaint, and again on the

motion for a nonsuit, is, Is such a condition of the walk an actionable defect? This question is settled by this court in the negative in many cases, after a very full examination of the authorities elsewhere, which we need not cite. " When the walk is slippery because of the smooth surface of the snow and ice which had accumulated upon it," such a defect is not actionable. *Cook v. Milwaukee*, 24 Wis. 270, 27 Wis. 191. In *Perkins v. Fond du Lac*, 34 Wis. 435, " the walk was entirely covered with packed snow and ice, and the whole surface of the walk was very smooth and slippery." It was held that such a condition of the walk did not *alone* constitute an actionable defect; and so in *Grossenbach v. Milwaukee*, 65 Wis. 31. This holding is most reasonable. Such a defect in a walk or street is common and natural everywhere in the winter season, and such actions would be numberless, unreasonable, and oppressive. The municipalities are powerless to prevent or remove such a common and natural condition. The authorities cited by the learned counsel of the respondent are not applicable to this case. They are cases where other defects combine with the ice to cause the injury. Such defects must be present with the ice, and they together constitute a cause of action; as, where the ice is formed on a steep declivity or descending grade, or there is some other condition of the walk, which, together with the ice, makes the walk dangerous, as in *Grossenbach v. Milwaukee* and *Perkins v. Fond du Lac, supra,* and other cases in this court. But here the hole or depression does not combine with the ice, and is not present with it. There is no hole at the time, as it is filled with ice and the surface is made level as ice can be anywhere. The plaintiff was not injured by stepping into the hole, but by slipping on the ice. But I have said enough of this. The hole was only the remote cause, or cause of causes, which produced the result, and was not the direct, efficient, or adequate cause, which alone is ac-

tionable.   The court should have sustained the demurrer
*ore tenus*, or, failing in that, ought to have ordered a non-
suit on the evidence.

· *By the Court.*— The judgment .of the circuit court is re-
versed, and the cause is remanded for a new trial.