### HAWLEY v. CITY OF GLOVERSVILLE.

(Supreme Court, Appellate Division, Third Department. April 14, 1896.)

1. TRIAL—HARMLESS ERROR.

In an action against a city for injuries claimed by its negligently allowing an accumulation of ice on a public sidewalk, the admission in evidence of notice to a police officer to show notice to the city, if error, was harmless, where it appeared that the city had notice through its superintendent of streets.

2. SAME.

In such a case an instruction that notice to a policeman was notice to the city, if error, was likewise harmless.

3. SAME—ERROR CURED.

Error in excluding evidence is cured by its subsequent admission.

4. APPEAL—EVIDENCE—NEW OBJECTIONS.

Objections to evidence not made at the trial cannot be urged on appeal.

5. MUNICIPALITIES—DEFECTIVE SIDEWALKS—LIABILITY.

A city is liable for injuries sustained by slipping on ice on a sidewalk, formed by slush which had accumulated thereon freezing the night before the accident, where it was negligent in allowing the slush to remain on the sidewalk.

6. SAME—CONTRIBUTORY NEGLIGENCE—INSTRUCTION.

In an action against a city for injuries from slipping on ice which, through defendant's negligence, had accumulated on a sidewalk, an instruction that plaintiff was bound to exercise such care and prudence as prudent persons ordinarily would in passing over such a place, and which left to the jury the question whether plaintiff, under the circumstances, exercised such care and prudence, was sufficient on the question of contributory negligence.

Appeal from circuit court, Fulton county.

Action by Lucinda Hawley against the city of Gloversville. From a judgment entered on a verdict in favor of plaintiff, and from an order denying motion for a new trial, made on the minutes, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Jerome Egelston and A. D. Baker, for appellant.

Andrew J. Nellis, for respondent.

MERWIN, J. On the 3d day of March, 1894, at about 8 o'clock in the morning, the plaintiff fell upon an icy sidewalk in front of No. 44 South Main street, in the city of Gloversville, and sustained injuries, for which, in this action, she has recovered damages upon the ground that the accident was caused by the negligence of the defendant in its care of its streets. There was evidence tending to show that, at the point where the plaintiff slipped and fell, the sidewalk was in a dangerous condition, caused by an accumulation of snow and ice, of which the defendant had actual or constructive notice. Whether or not the defendant was negligent was a question for the jury. Keane v. Village of Waterford, 130 N. Y. 188, 29 N. E. 130; Goff v. Village of Little Falls (Sup.) 20 N. Y. Supp. 175. This does not seem to be disputed by the defendant, but it is claimed on its behalf that material errors were made by the trial court in rulings upon evidence, and in its action upon defendant's requests to charge. The plaintiff was permitted to show, over the defendant's objection and exception, that South Main street, in the vicinity of the accident, was patrolled by policemen of the city. The defendant requested the court to charge "that knowledge or notice of the police officers of the city of the existence of the ice and condition of the sidewalks at the point in question is not notice to the defendant." The court refused, except as already charged, to which the defendant's counsel excepted. The court had charged as follows:

"It is true, as stated, that simple notice of an obstruction, to a policeman, would not be sufficient to charge the corporation with negligence for not re-

moving it. But if there was an accumulation of snow and ice that was dangerous, and that was brought to the notice of a policeman, and the policeman failed to do his duty in that regard, and, by reason of his failure to notify the proper officers of the city, the snow was not removed, and injury resulted, then you might say that the city was chargeable with negligence, because its officers had omitted to perform their duty."

To this charge, as made, no exception was taken.

By the charter of the city, it was made the duty of the policemen to report to the mayor all violations of the ordinances and by-laws of the city. The court, in its charge, without objection or exception by defendant, referred to an ordinance, as being read in the case, that evidently related to the prevention of accumulation of snow and ice on sidewalks. This ordinance is not printed in the case, but we must, I think, assume that there was properly in the case an ordinance of the character and import as indicated in the charge. It thus would appear that it was the duty of policemen to report to the mayor any dangerous accumulation of ice or snow that was brought to their notice. In Rehberg v. Mayor, etc., 91 N. Y. 137, where, by statute, it was made the duty of the police force to remove nuisances existing in the streets, it was held that notice to a policeman of such an unlawful obstruction in the street was notice to the city, and that the city was chargeable with any neglect on his part to make proper observation or inquiry. In Twogood v. City of New York, 102 N. Y. 216, 6 N. E. 275, reversing 12 Daly, 220, a patrolman charged with the duty of reporting any violation of city ordinances made report to his superior officer that the snow and ice had not been removed from a certain locality. It was the practice of the superior officer to forward such reports to police headquarters, and from there they were sent to the office of the corporation attorney. It was charged by the trial court that the reports by the policeman to his superior officer, made in the usual course, was not notice to the defendant. This was held to be error. The logic of these cases furnishes some support to the proposition that notice to the policeman, whose duty it was to report to the chief executive officer of the defendant, was notice to the defendant. But there is another view of the case from which it seems to me to be quite clear that the defendant cannot complain of any rulings of the trial court as to notice to policemen. The evidence on the part of the defendant leads clearly to the conclusion that its street superintendent, notice to whom was notice to the city (McSherry v. Trustees, 129 N. Y. 612, 29 N. E. 821), had actual notice of the condition, whatever it was, of the walk in question. He claims that it was not in as bad condition as it was claimed to be on the part of the plaintiff. He testifies, with reference to the time of the accident:

"We had taken steps in the last three days to have the walks cleaned on South Main street. * * * I had no notice as to the condition of the walk in front of 44 South Main street; no knowledge of it, only what I saw as I passed by. I never saw any ridge."

Mr. Lewis, an employé of the city, under the street superintendent, was called as a witness for the city, and testified that for three

days prior to the accident it froze at night, and thawed in the day-time.    On his cross-examination he testified:

"I noticed this condition of it for three days prior to the accident. I noticed it in front of 44 South Main street, three days prior to the accident. The street superintendent gave me orders to notify people that the walks were slushy, and to clean them; and, if there was ice on the sidewalk, I was to notify them. I notified the occupants of 44 South Main street. I don't know how many times prior to the accident. I live at Kingsboro. I passed and re-passed on South Main street, day by day, to see whether ice was permitted to accumulate on it, all winter long."

Evidently the city claimed that it did know all about the walk, and that, if it was dangerous at all, it was from a cause so recent that the corporation was not liable.

The defendant further claims that questions to the witness Baker, the street superintendent, as to the general condition of the side-walks, were improperly ruled out.    Any error in that regard was cured by the subsequent evidence of the witness.    The evidence of the witness Hawley as to the condition of the walk a month previous was not objected to as being too remote.    The question to the superintendent, as to whether, at any time during the month of February, a complaint was made as to the condition of the walk at 44 South Main street, if material, was, in substance, subsequently answered.

It is claimed by the defendant that the court charged that if there were two causes of the injury, both contributing, defendant would be liable, if the injury could be traced to either one of those causes, and that in so charging the rule on the subject, as laid down in Taylor v. City of Yonkers, 105 N. Y. 202, 11 N. E. 642, was vio-lated.    This claim of defendant does not correctly state the charge. The court, in the course of its charge, said that if there were two causes which might produce the injury, and it cannot be said which of the two was the cause of it, and the defendant was liable only for one, the plaintiff cannot recover; "but if there were two causes of the injury, both contributing, defendant would be liable, if the injury could be traced to either one of those causes,—if the in-jury was the proximate and direct result of the negligence for which the city is liable."    This was, in substance, correct.    Searles v. Rail-way Co., 101 N. Y. 661, 5 N. E. 66; Ring v. City of Cohoes, 77 N. Y. 83, 88; Goff v. Village of Little Falls (Sup.) 20 N. Y. Supp. 175, 176. At the close of the charge the following occurred:

"Defendant's Counsel: If the injury was the result of freezing water on the sidewalk the night before, defendant is not liable. The Court: If that was alone the cause of the injury, and the ice there before did not contribute in any way to it, that is true. Defendant's Counsel: We except to that part modifying it. Plaintiff's Counsel: Suppose the ice was formed from the wa-ter in the street; would there not be a modification of it? The Court: If it re-sulted solely from the ice formed the night before, the defendant is not liable. If it was the result of that, and the accumulation of ice that remained there, the jury may find defendant liable."

To this no exception was taken.    It evidently referred to the rule previously laid down, which was substantially correct.

The court refused to charge several requests, but the law ap-plicable had been already sufficiently stated.    "Where several proxi-

mate causes contribute to an accident, and each is an efficient cause, without which the accident would not have happened, it may be attributed to all or any of them; but it cannot be attributed to a cause, unless without its operation the accident would not have happened." Ring v. City of Cohoes, 77 N. Y. 83. The court, in effect, charged that the plaintiff could not recover unless the injury was the proximate and direct result of the negligence for which the city was liable. Upon the question of contributory negligence, the court, in effect, charged that the plaintiff, in view of the icy and dangerous situation, was bound to exercise such care and prudence as prudent persons ordinarily would in passing over such a place, and left it to the jury to say whether she was going with that care and caution that the circumstances required. The court was not required to further emphasize the duty of the plaintiff.

No other question in the case calls for special consideration. We find no good ground for reversal.

Judgment and order affirmed, with costs. All concur.