MUELLER, Appellant, vs. CITY OF MILWAUKEE, Respondent.

*May 4 — May 21, 1901.*

*Municipal corporations: Negligence: Personal injuries: Streets: Ice.*

1. Plaintiff, in crossing a street at a place thirty or forty feet from the prepared crossing, slipped on an accumulation of ice. The street was sufficiently lighted. The weather had been cold, and the ice had formed from a watering trough, and extended some distance from the trough. There was evidence that the ice was rough, but nothing to show that the roughness caused plaintiff's fall. The plaintiff testified simply that she slipped upon the ice. *Held*, that the testimony did not tend to show that her fall was the result of any actionable defect in the street.

[2. What would be the effect of ch. 305, Laws of 1899 (providing that no action based on the negligent accumulation of ice or snow upon a street shall be maintained unless the same shall have existed for three weeks), not decided.]

APPEAL from a judgment of the circuit court for Milwaukee county: EUGENE S. ELLIOTT, Circuit Judge. *Affirmed.*

This is an action for personal injuries suffered by the plaintiff as the result of a fall upon the street in the city of *Milwaukee.* The plaintiff appeals from a judgment of nonsuit. The evidence shows that Brady street, in *Milwaukee,* is a street running directly east and west, with a cedar-block pavement, and that on the 11th of February, 1899, at about 9:30 o'clock p. m., the plaintiff was crossing Brady street from north to south, at a place thirty or forty feet distant from the prepared street crossing, and that as she was stepping up from the roadway of the street to the sidewalk she slipped upon a large sheet of ice in the street, and fell, breaking her ankle. It appeared that the street was sufficiently lighted so that she could see where she was going; that the place of her fall was about ten feet west of a certain watering trough at the edge of the sidewalk; and that for two weeks prior to the accident the weather had been bitterly cold, and a considerable quantity of ice had formed near the trough, on the outer half of the sidewalk, and in the street extending for some distance west of the trough, and that it was on this ice that the plaintiff fell. There was some evidence tending to show that the ice was rough, but there was no evidence tending to show that the roughness caused the plaintiff's fall. The plaintiff testified simply that she fell because she slipped, and that she slipped because of the ice.

For the appellant the cause was submitted on the brief of *McElroy & Eschweiler.*

For the respondent there was a brief by *Carl Runge,* city attorney, and *Joseph B. Doe,* special assistant city attorney, and oral argument by *Mr. Doe.*

WINSLOW, J. The nonsuit in this case was plainly right. Not only was the plaintiff walking upon a part of the street

not prepared for foot passengers to walk upon, but the evidence utterly fails to show that she fell by reason of any actionable defect in the street. She testifies simply that she slipped upon the ice. This testimony does not show, or tend to show, that her fall was the result of any actionable defect. *Chamberlain v. Oshkosh*, 84 Wis. 289. A verdict that she fell by reason of a defect in the street would be based merely upon conjecture. *Hyer v. Janesville*, 101 Wis. 371.

These considerations render unnecessary any consideration of the effect upon the case of the passage of ch. 305, Laws of 1899, providing that no action based on the negligent accumulation of ice or snow upon a street shall be maintained unless the same shall have existed for three weeks.

*By the Court.*— Judgment affirmed.