## WELCH *v.* LINDO.

1812.

March. 2d.

*Present.....All the Judges.*

ERROR to the Circuit Court for the District of Columbia, sitting at Alexandria.

The mere
profession of a

WELCH
*v.*
LINDO.

promisory note by an indorsee, who had indorsed it to another, is not sufficient evidence of his right of action against his indorser, without a re-assignment or receipt from the last indorsee. An indorsement "without recourse," is not evidence of money had and received by the indorser to the use of the indorsee.

Welch brought an action of *assumpsit* against Lindo, upon his indorsement of a promisory note. The declaration contained two counts. The 1st count stated, that one *John Kercheval*, on the 25th of August, 1796, made and delivered a promisory note to Lindo, payable to his order on demand, for 246 dollars, for valued received. That Lindo, on the 24th of January, 1800, indorsed it to Welch (the Plaintiff,) in these words, viz : *" Pay the within to James Welch, or order, without any " recourse whatever on—A. Lindo."* That on the 30th of April, 1800, Welch *assigned* the note to a certain *William Hodgsett*, by writing on the back thereof, the following words, viz : *" I assign the within to William Hodgsett,"* and signed his name thereto, and delivered it to Hodgsett. That Kercheval failed to pay the money to Hodgsett on demand, whereupon, Hodgsett, as assignee of the note, brought suit against Kercheval, the maker thereof, in the Circuit Court of Woodford County, in the State of Kentucky ; in which suit Kercheval, pleaded *that he had paid the debt to Lindo* ; upon which plea, issue was joined, and the jury found a general verdict thereupon, for the Defendant, Kercheval, upon which the Court rendered a judgment, which still remains in full force ; by reason of which premises the (Plaintiff, Welch,) became liable to pay to Hodgsett the 246 dollars, with interest, from the time the suit was brought, (viz : the 11th of June, 1803,) until the 2d of November, 1804, the time when he paid the same to Hodgsett, and the costs of that suit, amounting to 11 dollars and 72 cents, and did pay the same ; of all which premises, the Defendant had notice, and by reason whereof, he became liable to pay the said 246 dollars, with interest on the same, and the said 11 dollars and 72 cents, being the costs as aforesaid ; and being so liable, the Defendant, in consideration thereof, afterwards, &c. undertook, &c. to pay the same sum to the Plaintiff, &c.

The 2d Count was for money had and received to the Plaintiffs use.

Upon the issue of *non assumpsit*, there was a verdict in the Court below, for the Plaintiff, on the first count, and for the Defendant, on the second count, but the judgment on the first count was arrested, and judgment was entered for the Defendant.

Upon the trial, the Plaintiff took a bill of exceptions, which stated, that he offered in evidence, a duly authenticated copy of the record of the Circuit Court of Woodford county, in the suit of Hodgsett against Kercheval, which was inserted in the bill of exceptions; and produced the original promisory note, with its indorsements, and proved the hand writing of the Defendant, *Lindo*, to his indorsement, *and offered no other* evidence; whereupon the Defendant's counsel, prayed the Court to instruct the jury, that the evidence so offered and produced, is not of itself competent to enable the Plaintiff to retain his action; and the Court decided, that it was not competent to enable the Plaintiff to recover upon the second count, but the judges were divided in opinion, whether the same was competent to support the first count; and therefore refused to give the instruction as prayed. To the opinion, that the evidence was not competent to support the action upon the count for money had and received, the Plaintiff excepted.

The motion in arrest of judgment, was grounded upon the general insufficiency of the first count.

E. I. LEE, *for Plaintiff in Error.*

1st. There was sufficient evidence *prima facie*, to support the count, for money had and received.

The indorsement of the note, was evidence of money had and received, and the record shewed, that the consideration for which it was received had failed: And where a man pays money upon a consideration which fails, he may recover it back by the action for money had and received.—1. *Esp. N. P. 3 & 4.*—*Doug. 696. Chitty 190, 123, 124, 125.*—3. *Cranch, 318.*—2. *Burr, 1226.*—1. *Johnson, 590, Green v. Hart.*—2. *Johnson, 52. Russel v. Ball.*—2. *Burr, 1005, 1008, 1010, 1011.*

2. The first count shews a good cause of action. It was not necessary to aver fraud;—but if it was, the want of such an averment is cured by the verdict; for a verdict helps every thing which is necessary to be proved upon the trial, and without proof of which, no verdict ought to have been given for the Plaintiff. *Carthew, 389.*—10. *Mod. 300.*—2. *Vin. ab. 396. (W. a.)* and *(W. b.)*

WELCH

*v.*

LINDO.

WELCH
v.
LINDO.

SWAN & JONES, *contra.*

1. The evidence was insufficient even if it had been a common indorsement.—The note having been assigned by the Plaintiff, to Hodgsett, it did not appear but that the right of action was still in the latter—but Lindo, having expressly stipulated in his indorsement, that he would not be liable, cannot be made liable by an implied assumpsit.

2. The first count was bad because, 1st. it did not aver any consideration for the indorsement—2d. The Defendant expressly excluded his liability.—3d. No fraud is averred—and 4th, there was no averment of a re-assignment of the note.

E. I. LEE, *in reply.*

The possession of the note by the Plaintiff, was evidence, that he had re-paid the money to Hodgsett.—A re-assignment of the note would have made Welch a remote assignee, and he could not have maintained a suit at law against Lindo. Lindo, by implication, warranted that the money was due from Kercheval, as every vendor warrants his title. The record between Hodgsett and Kercheval, shows fraud in Lindo.

*March 9th....All the judges being present,*

MARSHALL, *Ch. J.* Delivered the following opinion of the Court:

This was an action brought by the Plaintiff against the Defendant, in the Circuit Court for the county of Alexandria. The declaration contained two counts. The first was special, and the second for money had and received, by the Defendant to the Plaintiff's use.

At the trial of the cause, the Plaintiff gave in evidence, the record of the proceedings in a Court in the state of Kentucky, in a cause in which William Hodgsett, assignee of James Welch, who was assignee of Abraham Lindo was Plaintiff, and John Kercheval was Defendant. This suit was instituted on a promisory note. The Defendant pleaded payment to Lindo. Is

sue was joined on this plea, and a verdict was found for the Defendant. The Plaintiff, also produced the original note with the indorsements thereon, the last of which was an assignment made by him to Hodgsett.

WELCH
v.
LINDO.

On the prayer of the Defendant, the Court decided that this evidence was not, in itself, sufficient to support the action on the second count, and to this opinion the counsel for the Plaintiff excepted.

The testimony offered by the Plaintiff, was certainly incompetent of itself to prove that the Defendant had received money to his use. The mere possession of a note which he had assigned to another could not, while that assignment remained, be evidence that the note was his property. Some re-assignment or receipt from the last assignee was necessary while the indorsements remained to prove that the title against the prior indorser was in him, and that he had paid a sum of money which gave him a claim on that indorser. And if the record of the state of Kentucky could prove that Lindo had received the money due upon the note, it would not prove that he had received it to the use of the Plaintiff. Nor, under this indorsement, which is an assignment of the note without expressing value received, and that, too, without recourse against the assignor, can it be fairly inferred that the nominal value of the note was actually paid.

There is, then, no error in the direction given by the Circuit Court.

On the first count, there was a verdict for the Plaintiff, but judgment was arrested, because that count was insufficient in law.

This count states, that a promisory note was made by John Kercheval, payable to Abraham Lindo—that Lindo indorsed that note to the Plaintiff, in these words, "pay the within to James Welch, or order, without any recourse whatever on A. Lindo."—That the Plaintiff indorsed the said note to William Hodgsett, who instituted a suit thereon, in which the said Kercheval pleaded, that he had paid the debt to Abraham Lindo. A verdict was found for the Defendant, on which a judg-

WELCH

v.

LINDO.

ment was rendered, which remains in full force. By these proceedings, the Plaintiff became liable to pay the said Hodgsett the amount of the said note and costs of suit; which he had actually paid. The declaration then proceeds to state, that, by reason of the premises, the Defendant, Abraham Lindo, became liable to pay the Plaintiff, the amount of the said note and costs of suit, and, being so liable, he assumed, &c.

Under the mere assignment from Lindo to Welch, it is clear, that this suit is not sustainable; because it is a part of the contract, that Lindo shall not be liable under his indorsement. The count is also defective, in not stating that the indorsement was made on a valuable consideration, and also in not averring that Lindo had actually received the money for which the note was given.

These are substantial faults, which are not cured by a verdict. The declaration presents a case in which there was no liability on the part of the Defendant, to the Plaintiff, which can sustain the assumpsit found by the verdict.

There is no error, and the judgment is affirmed.