ALBANY,
Oct 1826.

Norris
v.
Badger.

---

## Norris *against* Badger & Caldwell.

ASSUMPSIT ; tried at the *Onondaga* circuit, *March* 20th, 1826, before THROOP, C. Judge.

The declaration was against the defendants as joint endorsers to the plaintiff of a promissory note, also endorsed in blank. This was filled up on the trial. *Held*, no variance.

In a suit by endorsee against endorsers, the bill of particulars stated the endorsement in blank.

One issue was, on the sufficiency of G's property to satisfy a certain judgment and execution. *Held*, that the amount of previous incumbrances on the same property, was within the issue, and might be inquired of on the trial.

The party interested to show the insufficiency of the property was allowed to give parol evidence of judgments, &c. on cross examining a witness introduced by the opposite party, though the latter objected to this, and excepted, taking a bill of exceptions. The same bill stated, that previous incumbrances, sufficient to reduce the value of the property to nothing, were afterwards duly proved by documental evidence. *Held*, on motion for a new trial, that though the parol evidence was improper, a new trial should not be granted ; that the jury could not have been misled by that evidence ; that, by the party going into documental evidence, he waived that by parol ; and, therefore, no error.

*Semb.* it would be otherwise, where the parol evidence might possibly have misled the jury, and had not been waived.

An intermediate endorser of a note may sue a previous endorser, without shewing actual payment by such intermediate endorser, to any subsequent endorsee, by a receipt ; and without shewing an endorsement back to such intermediate enndorser. Possession of the note, and producing it in court, are, *prima facie*, sufficient evidence of payment, and he may recover, though his name still remain on the note.

by the plaintiff to the *Utica Bank*, made by one *Elias Gu-maer*, dated *November* 23d, 1821, payable to the order of the defendants at the *Utica Bank*, 90 days after date, for $3000. It also contained the money counts.

Plea : 1, the general issue ; and 3dly, a judgment of $3000 confessed by *Gumaer* to *Norris*, and *Badger*, one of the defendants, as security and indemnity to the endorsers, *February* 18th, 1822 ; and *October* 27th, 1823, execution issued and delivered to the sheriff, at the instance, and under the sole direction and management of the plaintiff, *Norris ;* *Gumaer* then having property, which was bound and levied on, enough to satisfy it ; but which was dissipated, and the debt lost through the delay and negligence of the plaintiff. Replication : that *Badger*, not the plaintiff, took the control of the execution ; that the debt was not lost by the plaintiff's negligence, &c. ; that *Gumaer* had not sufficient property, &c., and collection could not be enforced, &c. Issue to the country.

On the usual order for a bill of particulars, the plaintiff furnished one, in which he set forth the note verbatim, as with a blank endorsement by the defendants.

On the trial, the defendants objected, that a mere blank endorsement would not carry the interest to the plaintiff ; on which he filled up the endorsement in the usual form. The defendants then objected that it varied from the bill of particulars ; but the objection was overruled.

The defendants then proved that the note was endorsed by both plaintiff and defendants, for the benefit of *Gumaer ;* that the money was obtained thereon at the bank, and applied to his use. The maker was himself sworn as a witness for the defendants ; and testified, that from the 27th of *October*, 1823, to the *January* next following, he had in his possession personal property to $800, and real estate worth $7000. The plaintiff then asked him if there were not incumbrances or liens, previous to the judgment confessed. This question was objected to as improper, under the pleadings, or if admissible, that the facts inquired of, could not be established by parol. The judge overruled the objection ; and the witness was allowed to

state large previous incumbrances by mortgage and judgment ; and sales thereon.

The plaintiff then offered to show regularly, by records and executions, incumbrances having preference to the judgment and execution mentioned in the defendant's plea, sufficient to exhaust *Gumaer's* property. This was objected to, as not admissible under the pleadings ; but the proof was received ; and the facts proposed to be shown were fully established by exemplifications, executions, &c.

The defendants then objected, that the note being an accommodation note, the plaintiff could not recover, till he shewed actual payment of the money by him ; that shewing himself in possession of the note was not enough, without having paid the money to the bank. This objection was overruled, the judge charging that the evidence was, *prima facie*, sufficient to sustain the action. The defendants excepted to the several decisions of the judge.

Verdict for the plaintiff, for $3318,70.

*N. P. Randall*, for the defendants, now moved for a new trial. He said the note given in evidence was inadmissible under the bill of particulars. (1 *Chit. Pl.* 382.) But if admissible, being an accommodation note, the plaintiff, an intermediate endorsee, could not recover, before actual payment to the subsequent holder, the bank. Endorsers on accommodation paper, are sureties ; (16 *John.* 70 ;) who cannot recover till they have incurred actual expenses. (8 *East*, 593.) The liability of the plaintiff was no more than that of the defendants, who endorsed before him. The bank may still sue the latter. In ordinary cases, where the note is voidable for want of consideration or otherwise, the endorsee must shew that he took it in the fair course of trade, and paid a valuable consideration. (1 *Campb.* 100.) That is not done in this case. It is not pretended that this is a note taken in the course of trade. But even if it was so taken, the plaintiff must shew payment to the bank, his endorsee, or some endorsee subsequent to him. (1 *Ld. Raym.* 742. 4 *T. R.* 714.) And this is especially so of accommodation paper.

(3 *Wils.* 13, 346.  1 *H. Bl.* 640.  1 *Cowen,* 394, *per
Woodworth, J.*)  When the endorser pays, he is remitted
to his original rights of holder ; and not till then.  Before
this, he is not in a situation to maintain an action.  Pos-
session of the note by the plaintiff, is not, in the case of
accommodation paper, *prima face,* evidence of payment.
Indeed it is not so in any case.  (*Welch* v. *Lindo,* 7
*Cranch,* 159.   *Gorgerat* v. *M'Carty,* 1 *Yeates,* 94.)

Proof of incumbrances was inadmissible under the
pleadings.  The issue was on the amount of property
bound by the execution ; not whether there were incum-
brances.  The evidence offered, admits the amount of
property ; but seeks to avoid the consequences by shew-
ing incumbrances.  The replication is like one to a plea
of an outstanding judgment, by an executor.  Admitting
the judgment, execution and lien, it should have replied
the previous incumbrances specially, or any other matter
in avoidance.  Evidence cannot be given of matters out
of the issue.  (1 *Phil. Ev.* 131.  3 *Mass. Rep.* 552.  11
*id.* 313.)

But if this evidence was admissible, there can be no
doubt that the manner in which it was given, in the first
place, was improper.  The record evidence alone should
have been received.  Parol proof was clearly inadmissi-
ble.  (*Bull. N. P.* 293.)

There can be no doubt, that, if the plaintiff has lost the
benefit of the judgment by his laches, this deprives him of
all right to recover.  (2 *Phil. Ev.* 21, *note.*   7 *John.* 332.
1 *B. & P.* 422.)

*J. L. Edwards* and *S. Beardsley,* contra.  The vari-
ance from the bill of particulars, was produced by the fill-
ing up of the blank endorsement on the trial, which is
mere matter of form.  It was substantially the same be-
fore ; and a literal correspondence was not necessary.

The possession of the note, and its production on the
trial, were *prima facie* evidence that it had been paid, if
such proof was necessary.  There being nothing to rebut
it, the note must be taken to have been paid.  (3 *John.*

*Cas.* 5, 260, 263.   *Doug.* 636.   *Chit. on Bills, ed.* 1821,
*p.* 14, *note* (1) *and the cases there cited.*   3 *Wheat.* 182,
3. 2 *Dall.* 147.   15 *Mass. Rep.* 436.   11 *John.* 53.) If the
defendants had any objection founded on the original con-
sideration, the *onus* lay with them.   (*Chit. on Bills, old
ed.* 86.   7 *John.* 361. 2 *Campb.* 439, 440.)   The only
question is, what shall be evidence of payment ? We ad-
mit, with the cases cited on the other side, that when one
has endorsed a bill, and he would then sue upon a pre-
vious endorsement to himself, he must show payment.
But those cases do not go to the evidence.   The mere
want of consideration between the original parties, is no
answer.   Holding the note, the plaintiff may fill up the
endorsement to himself; and it does not lie with the de-
fendants to object, though he was a mere trustee for the
bank.   (7 *John.* 361.   2 *Campb.* 339, 40. *id.* 5, & 574.
1 *B. & P.* 648.   4 *Esp. Rep.* 56.)

The proof of previous liens, was clearly admissible.
Admit the issue to have been on the sufficiency of the
property bound by the judgment or execution mentioned
in the plea ; how could that be determined, without look-
ing to the amount of the previous charges on the property,
which reduced it to nothing, and less than nothing ?

The proof by parol, was proper.  It was like asking a man,
" what are you worth ?" In answer, he is bound to state
incumbrances.   But whether proper or not, was immate-
rial ; for the defendants could not succeed in any view.
They failed altogether to shew any exclusive control over,
or neglect concerning the execution on the plaintiff's part.
Beside, the parol evidence came out collaterally, on cross
examination of the defendants' witness.   It was proper,
with a view to test his accuracy or credibility.   If proper
in any view, a new trial should not be granted ; and the
court will not incline to a new trial, especially when they
see that the very facts enquired of from the witness were
most abundantly established by documentary evidence.
Indeed this alone is a full answer to the point arising up-
on the parol evidence.

Again ; the judgment confessed was a mere collateral security ; and whether the plaintiff was negligent or not, makes no difference with his rights. He might entirely disregard it, and look to his endorsers in the first instance. *Badger* should have seen to his rights, and gone on, and collected himself.

*Randall*, in reply. Gentlemen argue as if this were a case upon the weight of evidence before the jury. On a bill of exceptions, we cannot look beyond the very points taken. If the parol evidence, was, *per se*, improper, we must stop there ; and cannot excuse its admission by other matter afterwards supplied, as may be done on a case, where the court have a discretion. That *Gumaer* was the defendants' witness, is no excuse for the plaintiff's proving by him what he should have shown by documents. When he takes the witness on cross examination to an independent fact, he makes him *quoad hoc* his own witness.

*Curia, per* SAVAGE, Ch. J. The variance between the endorsement stated in the bill of particulars, and that filled up and used on the trial, was immaterial. The blank endorsement mentioned in the bill, imported as much as if the formal words had been written over it. It is enough, that the bill and the proof agreed in substance. Beside, the note and endorsement were specially set forth in the declaration. There was no need of particulars as to these. It was necessary under the money counts only, which may be laid out of view.

There is no doubt, the evidence of incumbrances was admissible. It went directly to the sufficiency of the property to satisfy the judgment.

The principal question is, whether the plaintiff was bound to show actual payment of the note, beside what was to be inferred from the fact of its being in his possession. In *Mendez* v. *Carreroon*, (1 *Ld. Raym.* 742,) it was decided, that in an action on a bill of exchange, brought by an endorser who had been sued upon it, against the acceptor, the plaintiff must prove that he had paid the party who sued him.

In *Welch* v. *Lindo*, (7 *Cranch*, 159,) it was held that the mere possession of a promissory note, by an endorsee who had endorsed it to another, is not sufficient evidence of his right of action against his endorser, without a reassignment or receipt from the last endorsee. But the same court who decided this case, afterwards, in *Dugan* v. *The United States*, (3 *Wheat.* 173, 183,) held, that " if a person who endorses a bill to another, whether for value or for the purpose of collection, comes again to the possession thereof, he is to be regarded, unless the contrary appears in evidence, as the *bona fide* holder and proprietor of such bill ; and shall be entitled to recover thereon, notwithstanding there may be on it one or more endorsements in full, subsequent to the endorsement to him, without producing any receipt or endorsement back to him from either of such endorsees, whose names he may strike from the bill or not, as he thinks proper." The principle of this case is so precisely applicable, that I need cite no other, if it is to be received as authority. The same principle will be found running through a series of decisions in this court. (3 *John. Cas.* 263. 11 *John.* 53. 16 *id.* 73. 1 *Cowen,* 387. *Vid. also* 17 *Mass. Rep.* 618. *Chit. on Bills.* 190. *Phil. ed.* 1821.)

The judge erred in receiving parol evidence of the amount of incumbrances ; and this would be cause for a new trial, had it not been immediately shown by proper documentary evidence, viz. exemplifications, &c. that the older liens on *Gumaer's* property, greatly exceeded its value. The parol evidence was unnecessary, therefore. The verdict was fully sustained without it. Its admission might be error, had it been possible that the jury placed any reliance upon it, or could have been misled by it ; (16 *John.* 92 ; 3 *Cowen,* 621 ;) and then, this being on bill of exceptions, there should be a new trial, because the judgment we render might be reversed on error, which it is the object of this motion to guard against. Going into the documental proof, was equivalent to a waiver of the parol evidence, which takes away the error. (16 *John.* 92.) It could not possibly have

ALBANY,
Oct 1826.

any effect ; and the point, we think, cannot be regarded on writ of error.   The motion for a new trial must, therefore, be denied.

New trial denied,