SOMMER v. GREENBERG et al.

(City Court of New York. General Term. June 20, 1894.)

REPLEVIN—COMPLAINT—ALLEGING CAUSE OF DETENTION.

A complaint in replevin which alleges that plaintiff was the owner and entitled to possession of the goods sued for; that defendant wrongfully detained them from plaintiff, on the ground that he was entitled to possession by virtue of certain process issued to him as sheriff; and that plaintiff duly demanded a return of the property used,—sufficiently states the cause of the alleged detention.

Replevin by Rudolph Sommer against Jacob Greenberg and others. Plaintiff moves for a new trial on exceptions ordered to be heard at general term in the first instance. Granted.

Argued before FITZSIMONS, NEWBURGER, and CONLAN, JJ.

A. A. Joseph, for plaintiff.

Samuel Campbell, for defendant.

NEWBURGER, J. This is a motion by plaintiff for a new trial, on exceptions taken at trial term on a dismissal of the complaint, to be heard in the first instance at general term. This action is brought in replevin, and was originally commenced against the sheriff, and the defendants were substituted as indemnitors. The complaint alleges that the plaintiff was the owner and entitled to the possession of certain goods and chattels; that the sheriff had possession of said property, and wrongfully detained same from the plaintiff herein; that the sheriff's ground of detention of said chattels was that he was entitled to possession by virtue of certain process issued to him as sheriff; that, before the commencement of the action, the plaintiff duly demanded from the sheriff a return of the property, which the said sheriff refused; that subsequently, and after the commencement of the action, an order was made substituting the present defendants in the place of the sheriff as defendants in this action. The answer is, in substance, a general denial. On the trial, and before any of the witnesses were sworn, the justice dismissed the complaint, on the grounds—First, that the complaint did not state facts sufficient to constitute a cause of action; second, that no action could be maintained on the facts set forth in the complaint, to which ruling an exception was duly taken.

We think the trial justice erred. The complaint states facts sufficient to constitute a cause of action. It is claimed by defendants' counsel that the complaint does not show the cause of the wrongful detention. A careful examination of the complaint convinces us

that the plaintiff clearly states the cause of detention to be an alleged process in the hands of the sheriff against parties other than the plaintiff. But it is claimed that this action cannot be maintained under the decision of the court of appeals in Wise v. Grant, 140 N. Y. 593, 35 N. E. 1078. That case has no application here. The court of appeals simply held that there was a failure of proof in that case to entitle plaintiff to recover in replevin. In this case, however, there was no proof offered, and non constat but what plaintiff might have offered the proof which the court of appeals, in Wise v. Grant, supra, say is necessary to sustain an action in replevin where a sale is sought to be rescinded, to wit, notice of intention on the part of the vendor to rescind. For these reasons, the order appealed from must be set aside, and a new trial granted, with costs to plaintiff to abide the event. All concur.