(42 App. Div. 455.)

### DESBECKER et al. v. McFARLINE.

(Supreme Court, Appellate Division, Fourth Department. July 18, 1899.)

1. REPLEVIN—COMPLAINT—WRONGFUL DETENTION.
   A complaint in replevin which alleged that plaintiff was the owner of and entitled to the immediate possession of certain property; that defendant had possession thereof; that plaintiff had demanded possession, which was refused; and that defendant claimed the right to the possession by virtue of levies under executions issued to him as sheriff against the property of third persons on judgments against them, sufficiently complies with Code Civ. Proc. § 1721, providing that where an action is founded on a wrongful detention of property the complaint must set forth the facts showing that it was wrongful.
2. TRIAL BY COURT—INCOMPETENT EVIDENCE—FINDINGS.
   In a trial by the court the admission of incompetent evidence may be disregarded where there is also sufficient competent evidence on the same issue to support the findings of the court.

Appeal from special term, Wyoming county.

Replevin by Benjamin Desbecker and others against James A. McFarline, as sheriff. From a judgment in favor of plaintiffs, defendant appealed. Affirmed.

The judgment adjudged that the plaintiffs recover from the defendant the chattels described in the judgment, or, in case possession thereof is not delivered, then that the plaintiffs recover of the defendant the sum of $679, besides costs. The issues were brought to trial before the court without a jury, in pursuance of a stipulation to that effect entered into by the parties.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and NASH, JJ.

Abraham Benedict, for appellant.
Simon Fleischmann and Louis E. Desbecker, for respondents.

HARDIN, P. J. In August, 1897, and prior thereto the plaintiffs were co-partners carrying on a wholesale clothing business in the city of Buffalo, and it is found as a fact that they were the owners "of the claim and cause of action set forth in the complaint." Cauffmann and Strouss were co-partners engaged in the retail clothing business in the village of Warsaw under the style of Cauffman & Strouss. In the month of August, 1897, they became desirous of purchasing clothing from the plaintiffs' firm, and, to induce a credit from the plaintiffs, Cauffman & Strouss made and delivered a statement and representations, in writing, as to their assets and liabilities, and on such statement and representations the plaintiffs sold to Cauffman & Strouss the goods described in the complaint and gave them a credit until December 10, 1897. It is found as a fact that the plaintiffs "believed said statement and representations to be true, and relied upon the same, and the truth thereof, in selling the goods upon the faith thereof." The sales made by the plaintiffs in August amounted to the sum of $1,749.25. It is also found:

"That said statement so made as aforesaid by said Cauffman & Strouss to said plaintiffs was false and fraudulent, in that it stated and represented the assets of said Cauffman & Strouss to be greatly in excess of their actual kind, amount, and value, and in that it stated and represented the liabilities of said Cauffman & Strouss to be substantially and materially less than they actually were at the time of making such statement. That said statement and representations made by said Cauffman & Strouss to said plaintiffs as aforesaid, and for the purposes aforesaid, were known to be false and fraudulent by said Cauffman & Strouss, and were made by them to plaintiffs with intent to deceive and defraud said plaintiffs, and did deceive and defraud said plaintiffs."

It is also found that on the 19th of January, 1898, five judgments were entered against Cauffman & Strouss upon offers of judgment made by them, amounting to some $3,088.11; and it is also found that executions were issued on the said several judgments by the judgment creditors to the sheriff of Wyoming county, who took possession and levied the executions upon the property of Cauffman & Strouss, and that the levies were made upon the property in the possession of Cauffman & Strouss which had been theretofore sold to them by the plaintiffs and remained undisposed of, which property is described particularly in the findings and in the judgment. It is also found as a fact:

"That as soon as said plaintiffs learned of the falsity and fraudulent character of said statements and representations that had been made to them by said Cauffman & Strouss to induce the sale of goods to them, as aforesaid, and on or about the 24th day of January, 1898, they (said plaintiffs) rescinded said contract of sale, and demanded of the defendant, James A. McFarline,

sheriff of Wyoming county, the delivery to them of said goods described [in the complaint], * * * and said defendant refused to deliver the same or any part thereof to these plaintiffs."

Immediately after the refusal to deliver the goods so demanded, the plaintiffs, to wit, on the 24th of January, 1898, replevied the goods from the defendant, who immediately reclaimed said goods in this suit, and the same were returned to him, and the defendant, as sheriff, under the several executions then in his hands which had been levied upon the goods, sold the same at public auction; and ·it is found that the defendant wrongfully detained the goods from the plaintiffs. This action was commenced on the 24th of January, 1898, and it is found affirmatively that the plaintiffs were the owners and "lawfully entitled to the immediate possession of the said goods, clothing, and personal property" described in Schedule A, forming a part of the findings. When the demand was made upon the defendant for the goods the same were in his possession, and it is found that he wrongfully refused to deliver the same to the plaintiffs, and has since wrongfully detained the same from the plaintiffs. The claim under which the defendant, as sheriff, claimed to hold the property was in virtue of the several executions that he had received in behalf of creditors of and against the debtors, Cauffman & Strouss. It is found as a fact that the value of the plaintiffs' goods so wrongfully detained amounted to $679, and that the plaintiffs were entitled to interest by way of damages upon the value so found from the date of such wrongful detention, to wit, the sum of $40. As a conclusion of law, the court ordered judgment awarding to the plaintiffs the possession of the goods, and, if the same were not delivered, that the plaintiffs recover the sum of $719 damages, with the costs of the action.

It is argued in behalf of the appellant that the complaint is defective, and it is insisted that it does not comply with the requirements of section 1721 of the Code of Civil Procedure. The complaint alleges that the plaintiffs were the owners and lawfully entitled to the immediate possession of the property described in the complaint; it alleges that, at the time of the demand of the defendant, the defendant had possession thereof, and that the plaintiffs "demanded of said defendant the delivery thereof to these plaintiffs, which was refused by said defendant, who wrongfully detained. the same from the plaintiffs herein." The complaint then proceeds to allege the cause of detention of said property by the defendant, and states, viz.:

"Defendant, as sheriff of said county, claimed to hold said property by virtue of certain executions which had been issued to him as such sheriff against the property of Frederick E. Strouss and David M. Cauffman, constituting the firm of Cauffman & Strouss, upon five judgments recovered pursuant to offers of judgment made and given by said Cauffman & Strouss to Harry M. Cauffman, Benjamin Cauffman, D. Edgar Strouss, Dinkelspiel & Co., and D. Edgar Strouss, as trustee, respectively, and which were recovered by said persons against said Cauffman & Strouss."

It is provided by section 1721 of the Code of Civil Procedure that, where the action is founded upon a wrongful detention of property, "the complaint must set forth the facts showing that the detention

was wrongful." In the complaint it is alleged that the defendant, as sheriff, in virtue of several executions, not against the plaintiffs, but against Cauffman & Strouss, had levied upon the property, and in virtue of such levies insisted upon detaining the property, against the rights of the plaintiffs herein. We think the complaint contains facts sufficient to bring the case within the provisions of the section to which we have referred.

In Sommer v. Greenberg, 9 Misc. Rep. 720, 29 N. Y. Supp. 602, the complaint was substantially like the one before us, and it was held to be a sufficient compliance with the section of the Code to which reference has been made. The doctrine laid down in the case to which we have just referred is supported by the decision made in Chapin v. Bank, 31 Hun, 529. The defendant is not a purchaser of the goods in good faith. At most, he only acquired a lien upon the property by a levy, and when the demand for the possession was made by the owner, and the refusal was made, the defendant wrongfully detained the property from the plaintiffs.

In Bliss v. Cottle, 32 Barb. 322, it was held, viz.:

"In an action to recover the possession of goods alleged to have been obtained fraudulently, the plaintiff may declare generally, claiming the property as his, and give the special facts in evidence, on the trial, to establish the fraud." See, also, Doherty v. Shields, 86 Hun, 307, 33 N. Y. Supp. 497; Railway Co. v. Robinson, 133 N. Y. 242, 30 N. E. 1008.

In Masson v. Bovet, 1 Denio, 73, it was said:

"A person who is induced to part with his property on a fraudulent contract may, on discovering the fraud, avoid the contract and claim a return of what has been advanced upon it." Bliss v. Cottle, supra.

In this case the evidence is satisfactory that the plaintiffs, as soon as they discovered that fraudulent representations had been made to them to induce them to part with the property, rescinded the contract and sought to reclaim the property which had been the subject of sale. Their action was prompt, and, as against the sheriff, was efficient, as he had no better title or right to the property than that acquired by the fraudulent vendees. The stipulation entered into by the parties which was used in evidence admits that the plaintiffs "made a good and sufficient demand upon the defendant for the chattels described in the complaint, and that the defendant refused to surrender the possession thereof." It also admits that at the time of the demand the defendant was in possession of the chattels under the executions and levies mentioned, and that the goods were replevied in this action, "and thereafter defendant rebonded same and sold same under above executions." While there was a conflict to some extent in the evidence tending to show that the statement and representations made to the plaintiff inducing the sale of the goods were false and fraudulent in their character, and while a plausible argument can be made that the intention of the purchasers was innocent, we think, upon a full consideration of all the facts and circumstances disclosed in the evidence, the trial court was warranted in finding as matter of fact that the sale made by the plaintiffs was induced by fraud, and therefore

could be rescinded as soon as the plaintiffs discovered the fraud that had been practiced upon them.

During the course of the trial the plaintiffs offered in evidence some testimony taken in supplementary proceedings given by the respective debtors subsequent to the confessions of judgment and after the property had been levied upon, and prior to the sale thereof by the sheriff, while yet the legal title remained in the purchasers. When that evidence was offered, it was objected to and an exception taken to its admission. It is now urged that the exception should lead us to reverse the findings of the trial court. On the other hand, it is apparent that both of the debtors who had thus been examined in supplementary proceedings were subsequently called as witnesses, and their testimony related to the same subject-matter and to the same disclosures that were made in the supplementary proceedings. If it be assumed that the evidence taken in supplementary proceedings was incompetent at the time it was offered, a careful inspection of the whole record leads us to the opinion that the facts and circumstances disclosed in the evidence at the trial warranted the conclusion reached by the trial judge. The essential facts were shown aliunde the supplementary proceedings, and, as the trial was before the court without a jury, the rule is that where competent evidence is given to establish the essential facts an error in receiving incompetent evidence may be disregarded. Chapman v. Gates, 54 N. Y. 132. In Norris v. Badger, 6 Cow. 449, it was held that on a motion for a new trial, though the parol evidence was improper, a new trial should not be granted; that the jury could not have been misled by that evidence; that, by the party going into documental evidence, he waived that by parol; and, therefore, no error. Near the close of the opinion Chief Judge Savage said:

"Going into the documental proof was equivalent to a waiver of the parol evidence, which takes away the error."

In Hayden v. Palmer, 2 Hill, 206, it was said, viz.:

"If evidence is erroneously received against a party, to which he excepts, and afterwards insists upon and proves the same facts himself, this is deemed a waiver of the exception, and he cannot avail himself of it on a motion for a new trial."

In the course of the opinion Cowen, J., said:

"Where the party who takes it [exception] shows that it must eventually avail nothing, or where the record shows this conclusively, the case comes to the same thing. To warrant a writ of error upon a bill of exceptions we think there must appear to be some possibility of injury arising out of the matter excepted to."

In Bronson v. Wiman, 10 Barb. 406, it was held:

"Where, on the trial of a cause, an exception is taken to the sufficiency of the proof of the contract sued on, and subsequently the defect is supplied by other evidence, such objection cannot be used on a motion for a new trial upon a case."

In the course of the opinion Gridley, P. J., said:

"But, if there was any defect in the proof when the contract was read in evidence, it was supplied afterwards, by the testimony of the agent who executed it for the plaintiffs."

That case was affirmed in 8 N. Y. 182. In Colegrove v. Railroad Co., 6 Duer, 383, affirmed in 20 N. Y. 492, it was held:

"Although a defendant moved for a nonsuit at the close of the plaintiff's evidence, and on such evidence alone, is entitled to it, and excepts to a decision denying the motion, yet if, instead of standing on the exception, he gives evidence, and a verdict ultimately passes against him, on sufficient evidence and under a proper charge, his exception will not entitle him to a new trial. It is waived by giving evidence to the merits sufficient to establish his liability."

In Tooker v. Gormer, 2 Hilt. 71, it was said:

"But if the declarations be improperly received, the error will be cured by the adverse party's calling such person to the stand as a witness, and examining him in respect to such declarations, as well as upon the subject-matter of the suit generally."

In Grimm v. Hamel, Id. 434, it was held, viz.:

"It seems, where improper testimony is admitted under objection, and the party objecting afterwards introduces proof of the same state of facts, the objection is thereby waived."

In People v. Gonzalez, 35 N. Y. 49, it was held that where improper testimony had been admitted, but the fact which it tended to prove is independently established by competent evidence, the ruling admitting the improper evidence may be overlooked. The court will not reverse a judgment for an erroneous refusal to nonsuit, where the defect in proof is supplied during the trial. Road Co. v. Thatcher, 11 N. Y. 102. We are of the opniion that the same result would have been reached had the supplementary proceedings not been offered in chief by the plaintiffs, or, being offered, had been rejected, and that a reversal should not be directed because the evidence taken in supplementary proceedings was received. Wyse v. Wyse, 155 N. Y. 368, 49 N. E. 942; Milliner v. Lucas, 3 Hun, 496; Hawley v. City of Gloversville (Sup.) 38 N. Y. Supp. 647. We have looked at the other exceptions to which our attention is invited in the points of the learned counsel for the appellant, and are of the opinion that they do not present prejudicial error requiring us to disturb the conclusions reached at the trial term.

Judgment affirmed, with costs. All concur.