## ALPAUGH et al. v. HULSE et al.

(Supreme Court, Appellate Division, Second Department. May 29, 1902.)

**1. PARTNERSHIP—EVIDENCE—EXCEPTION.**
Where, in an action against A. and B., as partners, to recover for goods sold by plaintiffs, A. denied the partnership, his exception to a ruling permitting plaintiff's agent to testify as to what B. said when ordering the goods (A. not being present) was unavailing, when the answer disclosed nothing bearing on the question of partnership.

**2. SAME—ERROR WITHOUT PREJUDICE.**
Where, in an action against A. and B. as partners, A. denied the partnership, and the referee permitted B. to testify that he was doing business with A., and B. afterwards testified to conversations and trans-actions tending to establish the partnership, the error worked no injury.

**3. SAME—PHOTOGRAPH—CHANGED CONDITIONS.**
Where, in an action against A. and B. as partners, A. denied the part-nership, the exclusion of a photograph of the premises in which the business was carried on, taken after a sign which was on the building at the time of the transactions involved had been removed, was not error.

**4. SAME—FINDING OF FACT—NAME OF FIRM.**
Where, in an action against A. and B. as partners, A. denied the partnership, and the referee found the existence of the partnership, and that they did business under the firm name of A. & B., while the evidence was that the business was done in the name of B., the error as to the name of the firm was without prejudice.

**5. SAME—HARMLESS ERROR.**
Where, in an action against A. and B. as partners, in which A. denied the partnership, error was committed at the trial before a referee in receiving secondary evidence as to the marks on certain bills, and in admitting testimony of an interview between B. and a third party, the judgment should not be reversed on that ground, where it is manifest on the whole record that such incompetent evidence did not affect the result.

Appeal from judgment on report of referee.

Action by Edward S. Alpaugh and others against William W. Hulse and another. From a judgment for plaintiffs, defendant Hulse appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Timothy M. Griffing, for appellant.
Robert S. Pelletreau, for respondents.

WILLARD BARTLETT, J. The purpose of this action was to
charge the defendant William W. Hulse, as a partner of the defend-
ant Philip R. Ketcham, with the purchase price of certain meats sold:
by the plaintiffs. The defendant Ketcham testified in behalf of the
plaintiffs, against his codefendant, Hulse, to facts sufficient to sustain
the finding of the referee that the alleged partnership existed at the
time when the goods were sold; and we cannot interfere with the
judgment on the ground of the insufficiency of the evidence, or on
the ground that the decision is against the weight of evidence. A.
question of fact was fairly presented as to the existence of the alleged
partnership, and we may not hold, as matter of law, that the referee
should have believed one set of witnesses, rather than the other.

The learned counsel for the appellant, however, argues that the
referee erred in several of his rulings. The plaintiffs' agent, to whom
the defendant Ketcham appears to have given the orders for meat
which were subsequently filled, was asked what Ketcham said to him.
at a conversation in the absence of the defendant Hulse. This in-
quiry was allowed over the objection and exception of the appellant,.
and the ruling is assigned as error, on the ground that the question
called for hearsay evidence, which was inadmissible against the de-
fendant Hulse. The answer, however, was harmless, inasmuch as it
amounted to nothing more than a statement that Ketcham ordered
meat from the plaintiffs' employé, and did not bear in any way on
the question of partnership.

It is also argued that the referee erred in permitting the witness
Ketcham to testify that he was doing business with the appellant.
This was undoubtedly a mere conclusion, but the statement in that
form worked no injury to the appellant, inasmuch as the witness sub-
sequently testified specifically to conversations and transactions with
the defendant Hulse tending to establish the alleged partnership.

The referee refused to receive in evidence a photograph of the prem-
ises in which the defendants carried on business; but this was not
error, as the testimony showed that the picture did not represent the
condition of things at the times of the transactions in suit,—a sign
which was then upon the building having been removed before the
photograph was taken.

The second finding of fact in the referee's report declares that be-
tween the dates therein mentioned the plaintiffs sold and delivered
goods and merchandise to the value of $764.38 to the defendants as
copartners doing business under the firm name of Hulse & Ketcham.
This finding is attacked as erroneous, on the ground that all the evi-
dence tending to show that there was any partnership between the
parties also shows that, if they carried on any business together, it
was transacted in the name of P. R. Ketcham only. Assuming this
to be true, the mistake is immaterial; the real question being whether
Hulse was a partner of Ketcham in the meat business under any name..

Error was undoubtedly committed in receiving secondary evidence
as to the marks upon certain bills received from the appellant, and
also in admitting the testimony of a third party as to an interview
between him and Ketcham in reference to supplying meat to the al-
leged firm. I am satisfied, however, from a careful scrutiny of the:

whole record, that these errors did not affect the result, and that they should be disregarded, in accordance with the rule that an error in receiving incompetent evidence, committed on a trial before a court without a jury, may be overlooked where competent. evidence is given to establish the essential facts upon which the judgment is based. Desbecker v. McFarline, 42 App. Div. 455, 59 N. Y. Supp. 439, affirmed on opinion below in 166 N. Y. 625, 60 N. E. 1110. My conclusion is that the judgment should be affirmed.

Judgment affirmed, with costs. All concur.