EDWARD S. ALPAUGH and Others, Constituting the Firm of EDWARD S. ALPAUGH & Co., Respondents, *v.* WILLIAM W. HULSE, Appellant, and PHILLIP R. KETCHAM, Defendant, Constituting the Firm of HULSE & KETCHAM.

*Error in admitting incompetent evidence, when disregarded.*

On an appeal from a judgment rendered after a trial before a referee or court without a jury, an error in receiving incompetent evidence may be overlooked where competent evidence was given to establish the essential facts upon which the judgment is based.

APPEAL by the defendant, William W. Hulse, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Suffolk on the 28th day of August, 1900, upon the report of a referee.

*Timothy M. Griffing* and *Samuel P. Hildreth* for the appellant.

*Robert S. Pelletreau,* for the respondents.

WILLARD BARTLETT, J.:

The purpose of this action was to charge the defendant William W. Hulse, as a partner of the defendant Phillip R. Ketcham, with the purchase price of certain meats sold by the plaintiffs. The defendant Ketcham testified in behalf of the plaintiffs against his co-defendant Hulse to facts sufficient to sustain the finding of the referee that the alleged partnership existed at the time when the goods were sold, and we cannot interfere with the judgment on the ground of the insufficiency of the evidence or on the ground that the decision is against the weight of evidence. A question of fact was fairly presented as to the existence of the alleged partnership, and we may not hold as matter of law that the referee should have believed one set of witnesses rather than the other.

The learned counsel for the appellant, however, argues that the referee erred in several of his rulings. The plaintiffs' agent, to whom the defendant Ketcham appears to have given the orders for meat which were subsequently filled, was asked what Ketcham said to him at a conversation in the absence of the defendant Hulse. This inquiry was allowed over the objection and exception of

the appellant, and the ruling is assigned as error on the ground that the question called for hearsay evidence which was inadmissible against the defendant Hulse. The answer, however, was harmless, inasmuch as it amounted to nothing more than a statement that Ketcham ordered meat from the plaintiffs' employee and did not bear in any way on the question of partnership.

It is also argued that the referee erred in permitting the witness Ketcham to testify that he was doing business with the appellant. This was undoubtedly a mere conclusion, but the statement in that form worked no injury to the appellant, inasmuch as the witness subsequently testified specifically to conversations and transactions with the defendant Hulse tending to establish the alleged partnership.

The referee refused to receive in evidence a photograph of the premises in which the defendants carried on business, but this was not error, as the testimony showed that the picture did not represent the condition of things at the times of the transactions in suit, a sign which was then upon the building having been removed before the photograph was taken.

The second finding of fact in the referee's report declares that between the dates therein mentioned the plaintiffs sold and delivered goods and merchandise to the value of $764.38 to the defendants as copartners doing business under the firm name of Hulse & Ketcham. This finding is attacked as erroneous on the ground that all the evidence tending to show that there was any partnership between the parties also shows that if they carried on any business together it was transacted in the name of P. R. Ketcham only. Assuming this to be true, the mistake is immaterial, the real question being whether Hulse was a partner of Ketcham in the meat business under any name.

Error was undoubtedly committed in receiving secondary evidence as to the marks upon certain bills received from the appellant, and also in admitting the testimony of a third party as to an interview between him and Ketcham in reference to supplying meat to the alleged firm. I am satisfied, however, from a careful scrutiny of the whole record, that these errors did not affect the result and that they should be disregarded, in accordance with the rule that an error in receiving incompetent evidence, committed on a trial before

a court without a jury, may be overlooked where competent evidence is given to establish the essential facts upon which the judgment is based. (*Desbecker* v. *McFarline*, 42 App. Div. 455; affd. on opinion below, 166 N. Y. 625.)

My conclusion is that the judgment should be affirmed.

All concurred.

Judgment affirmed, with costs.