(83 App. Div. 95.)

BENNETT v. DONOVAN et al.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. CONTRACTS—ATTORNEY'S SERVICES—CONSTRUCTION—EQUITABLE ASSIGNMENT.
   An agreement by the heirs of a decedent to pay an attorney, for services in contesting the will of the decedent, 25 per cent. of any sum of money received by the obligors in settlement of their claims as heirs at law, or in pursuance of any judgment in any action in respect to the same, or in any property or interest received in the premises, it being stipulated that the obligee was to make no charge for his services in the event of a failure to establish any rights against the will, was not a common-law contract for services, but an equitable assignment of one-quarter of whatever money or property should be received.

2. EQUITY JURISDICTION — FACTS CONFERRING JURISDICTION — INTEREST OF TRUSTEES—ACCOUNTING.
   The facts that there were executors and trustees who had or might have had an interest in funds realized from a will contest, and that the contract with an attorney stipulating to pay him one-quarter of all sums received by the heirs in pursuance of such contest contemplated an accounting for moneys and properties realized, were sufficient to give equitable jurisdiction over a suit by the attorney to recover for his services under the agreement.

3. APPEAL—PREJUDICIAL ERROR—ADMISSION OF EVIDENCE.
   An heir at law of a decedent is not prejudiced by a determination of the court that moneys owing to her attorney for contesting the will of the decedent should be paid to such attorney's partner in the contest rather than to his executor, where the judgment expressly protected such heir against any action by the executor.

4. SAME—PRESUMPTION—EXAMINATION OF RECORD—ABSENCE OF PREJUDICE.
   While the presumption is that any incompetent evidence is prejudicial to the objecting party, where the appellate court, upon an examination of the entire case, is enabled to determine beyond a reasonable doubt that the evidence could not have been detrimental to the party urging the exception, there is no ground for a reversal.

Appeal from Special Term, Kings County.

Action by James L. Bennett against Catherine Donovan, individually and as executrix of the last will of Daniel Donovan, deceased, and others. From a judgment for plaintiff, defendant Catherine Donovan appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Max L. Schallek, for appellant.
William Philippeau, for respondent.

WOODWARD, J.  Catherine Donovan and her brother Daniel Donovan, since deceased '(the former appearing in this action as his executrix), entered into a written agreement in March, 1897, with one William H. Regan, an attorney at law, by which the said Regan agreed to act as counsel for them in such proceedings as might be necessary to obtain for them their share in the estate of one Mary Johnson. This involved the setting aside of an alleged last will and testament of the said Mary Johnson, so that her heirs at law might come in and participate in the property, and it was agreed that they would "pay him for his services 25 per cent., or one-quarter, of any sum or sums of money that may be received by them or any of them in settlement of the claim as heirs at law and next of kin of said deceased, or in pursuance of any judgment, decree, or order in any action or proceeding undertaken in respect to the same, or one-quarter of any property or interest that they may become possessed or seised of as such heirs at law and next of kin in the premises." The said Regan on his part agreed to devote his time and abilities to the work, and it was stipulated and agreed that, "in the event of the failure of the parties of the first part to establish any rights to the said estate, and to receive any money or other property as a result of the proceedings in the matter, he will make no charge to them for services." Acting under this agreement, William H. Regan, with the assistance of this plaintiff, who appears to have been his partner in the transaction, though not appearing in the contract, instituted proceedings which have resulted in bringing considerable sums of money to the defendant Catherine Donovan, individually and as executrix of the estate of her brother Daniel Donovan.  Part of this money has been paid to the defendant, and a portion of it is still in the hands of certain trustees, who managed the settlement of the controversy in behalf of the heirs, and the defendant Catherine Donovan has paid to William H. Regan a portion of the compensation agreed upon.

Subsequent to this payment William H. Regan died, and immediately thereafter the plaintiff in this action began an action to have himself declared the survivor in interest of certain joint ventures of the said Regan, among them the proceedings in the Mary Johnson will case on behalf of the defendant herein.  This action resulted in a judgment declaring that the contract entered into between Regan and the Donovans had been made in behalf of the said Regan and the said plaintiff, and that the plaintiff was entitled to one-half of the proceeds of the results of such joint venture.  A copy of a notice and demand for the same was served upon the defendant appellant, and this action followed.  The case was tried at Special Term, resulting in a judgment for the plaintiff; the defendant Catherine Donovan, individually and as executor, appealing to this court.  Neither the trustees of the heirs at law and next of kin nor the executor of the estate of William H. Regan, deceased, appeal.

The appellant urges that the only cause of action which the plaintiff had was a common-law action for services, and that the defendant was entitled to a common-law trial by jury.  The theory of the plaintiff's action, supported by the findings of fact and conclusions of law, to which there are no exceptions in the record, is that there was an

equitable assignment of one-fourth of whatever money or property should be recovered by the Donovans in the proceeding to Regan and this plaintiff, and we are clearly of opinion that the contract contemplated such an assignment, however inartificially the same may be expressed in the agreement. It was not a mere contract of employment. A definite fund, unknown in amount and uncertain in character, was the object of the litigation to be undertaken. The Donovans, in effect, said that they were not willing to pay Regan for his services out of any moneys of their own, but if he was willing to undertake the work of defeating the will of Mary Johnson he should have one-fourth of the money or other property which might be brought to them as heirs at law or next of kin, and if the litigation was fruitless then he was to have nothing for his services. The only fund that was involved was the fund they hoped to divert from the persons named in the will. Upon a recovery of this fund depended absolutely the right of Regan to recover, and this gave him an equitable right to an accounting for the money or other property received as the basis of his compensation, and contemplated an assignment of so much of the same as should be equal to one-fourth of the money or property recovered. It would be unreasonable to suppose that the parties to the contract of March, 1897, contemplated that the fund to be recovered was to vest absolutely in the Donovans, and that Regan was then to look to them for the payment of one-quarter of the proceeds; that his claim to compensation was to be subjected to the risks incident to its payment over to the heirs at law and next of kin. He was taking all of the risks of recovery, and it cannot be that the courts would have permitted creditors of the Donovans to come in between them and Regan, and take this fund, leaving him to look to the Donovans for his compensation; and, if this would not have been permitted to creditors, it is difficult to understand how the defendant appellant can have any standing to claim that there was not an equitable assignment of the one-fourth part of the fund involved in the litigation. This seems to us clearly the doctrine of Deering v. Schreyer, 171 N. Y. 451, 64 N. E. 179, which we are unable to distinguish in principle from the case at bar. The facts that there were executors and trustees who had or might have had interests in the funds, and that the contract contemplated an accounting for the moneys and properties which might be realized, were sufficient to give equitable jurisdiction, and, as some one was clearly entitled to a one-fourth interest in the fund which had been restored to the defendant appellant, she is not in a position to complain because the court has decided that the plaintiff, rather than the executor of the estate of William H. Regan, is entitled to one-half of the assigned fund.

We are of opinion that the rule laid down in Henricus v. Englert, 137 N. Y. 488, 33 N. E. 550, that "where an instrument is under seal no person can sue or be sued to enforce the covenants therein contained, except those who are named as parties to the instrument, and who signed and sealed the same," has no bearing upon this case. This is not an action to compel the performance of covenants. It is one to enforce rights under an executed contract. The agreement has been fully performed, and the only question presented here is the con-

struction of the contract.   Is it in law an equitable assignment of one-fourth of the money and property recovered, or is it a mere naked right of action to recover a sum of money?   In either event, it is certain that Regan could have assigned his claim, and that it would have passed to his personal representative at his death, if he had been the owner of the claim at that time.   It has been judicially determined in another action that the plaintiff is entitled to an interest in the contract, and, no exceptions being filed to the findings of fact or conclusions of law, there is no question here as to the performance of the contract.   The only questions to be determined are those raised by the objections and exceptions taken upon the trial.

The only objection of this character seriously urged here is that it was error to admit in evidence the judgment in the action between this plaintiff and Regan, which determined that the plaintiff was interested in the contract.   Regan's executor was a party to the present action, and does not appeal.   He is the only one who has any interest in the question as to who is to secure the fund in controversy, and, as the defendant appellant is protected by the judgment against any future action on the part of the representatives of William H. Regan, it is difficult to discover how she is in a position to be injured by the admission of this judgment in evidence, conceding it to have been error.   While the presumption is that any incompetent evidence is prejudicial to the party objecting to its admission, where the appellate court, upon an examination of the entire case, is enabled to determine beyond a reasonable doubt that the evidence could not have been detrimental to the party urging the exception there is no ground for a reversal.   McGean v. Manhattan Railway Co., 117 N. Y. 219, 224, 22 N. E. 957; Desbecker v. McFarline, 42 App. Div. 455, 460, 59 N. Y. Supp. 439; Id., 166 N. Y. 625, 60 N. E. 1110.   It is established beyond review here, for there are no exceptions, that the contract between Regan and the Donovans operated as an equitable assignment of one-quarter of the money or property involved in the litigation; and whether this sum goes to Regan's estate or to the plaintiff can make no possible difference with the defendant appellant, so long as the judgment protects her against an action on the part of the representatives of Regan.   But we are of opinion that the evidence, for the limited purpose for which it was admitted, was not improper.

The judgment appealed from should be affirmed, with costs.   All concur.